PITCHER et al. v. LENNON.

(Supreme Court, Trial Term, New York County. April 27, 1896.)

NEGLIGENCE—VIOLATION OF BUILDING LAWS.

The owner of a building erected in violation of the building laws is liable for injuries caused by such violation, where he had knowledge of the facts; and how far he knew, or ought to have discovered from his frequent visits to the building, the true condition of things, is a question for the jury.

Action by Clair J. Pitcher, administrator, and Marie Mauro, administratrix, of Giovanni Mauro, deceased, against William F. Lennon, to recover for injuries resulting in the death of plaintiffs' intestate. There was a verdict in favor of plaintiffs, and defendant moves for a new trial. Denied.

J. M. Gardner, for plaintiffs.
D. M. Neuberger, for defendant.

McADAM, J. The action was commenced against William F. Lennon, as owner, and Comes and Gleaves, as contractors, to recover damages caused by the collapse in March, 1895, of four large buildings in course of erection, known as "Nos. 151, 153, 155, and 157 Orchard Street,"—an event which has passed into our local history as the "Orchard Street Disaster." At the trial the action was discontinued as to the contractors, and proceeded as to the owner, on the theory avowed by the plaintiffs' attorney,—that the structure was erected in a manner forbidden by statute, was a menace to life, and, in legal effect, a nuisance (Code, § 1660), and that such violation was the proximate cause of the fall and of the decedent's death. Without regard to the form in which the question has come up, the

courts have invariably held that every person violating a statute is a wrongdoer, negligent in the eyes of the law, and that any innocent person injured by such violation, if it be the proximate cause of the injury, may, in a proper case, recover damages from employer and contractor, jointly or severally, it not being in the power of an owner to escape liability by making a contract with another to, commit the wrong for him. Jetter v. Railroad Co., *41 N. Y. 154; McRickard v. Flint, 114 N. Y. 222, 21 N. E. 153; Creed v. Hartmann, 29 N. Y. 591; Shepard v. Railroad Co., 35 N. Y. 641; Wilson v. Turnpike Co., 21 Barb. 68; Donnegan v. Erhardt, 119 N. Y., at page 474, 23 N. E. 1051; Lambert v. Railroad Co., 70 N. Y., at page 109; Storrs v. City of Utica, 17 N. Y. 104; Swords v. Edgar, 59 N. Y. 28, 34; Masterson v. Railroad Co., 84 N. Y. 247; King v. Railroad Co., 66 N. Y. 185; Jones v. Chantry, 1 Hun, 613; Willy v. Mulledy, 78 N. Y. 310; Congreve v. Smith, 18 N. Y., at page 82; Dorrity v. Rapp, 72 N. Y. 307; Sexton v. Zett, 44 N. Y. 430; Baxter v. Warner, 6 Hun, 586; Dygert v. Schenck, 23 Wend. 446. A public nuisance consists, among other things, in unlawfully doing an act, or omitting to perform a duty, which act or omission in any manner renders a considerable number of persons insecure in life. Pen. Code, § 385. One who has sustained damage peculiar to himself, from a common nuisance, has a cause of action, though a like injury has been sustained by numerous others. Francis v. Schoellkopf, 53 N. Y. 152; Adams v. Popham, 76 N. Y. 410. No degree of care will excuse the creator of a nuisance, and for that reason negligence is generally not regarded as a factor in such a case, though, as these torts are frequently co-existent, it is at times difficult to suppress the appearance of negligence, or evidence given to explain away its presence. The gravamen of the charge against the owner is the violation of that part of section 483 of the building law (Laws 1892, c. 275) which provides that the utmost weight allowed on a superficial foot of brickwork laid in lime and cement is 11½ tons. The violation consisted of the erection of an air-shaft wall, imposing a weight of 60 to 90 tons on a superficial foot of brickwork foundation; and this, it is claimed, was crushed in by the enormous weight, causing the collapse complained of. The court instructed the jury that, while the defendant was chargeable with knowledge of the law, he was not so chargeable as to the facts, and left it to the jury to determine how far the defendant knew, or ought to have discovered from his frequent visits to the buildings, the true condition of things, with the qualification that, if they found that he did all that a prudent man should reasonably be expected to do under like circumstances, he was not liable. The jury found all the facts in favor of the plaintiffs, and awarded them $1,500 damages,—a verdict which is moderate in amount. The cases of respondeat superior cited by the defendant have no application, considering the theory on which the trial proceeded. 4 Wait, Act. & Def. 772, and other authorities cited supra. The creator of a nuisance is liable without notice, while a continuer is not liable without proof of scienter. 1 Chit. Prac. 384; Hubbard v, Russell, 24 Barb. 404; Brown v. Railroad Co., 12 N. Y. 486; 4 Wait, Act. & Def. 770; Wasmer v. Railroad Co., 80 N. Y. 212. The

court charged that the owner was not liable unless the nuisance was visible to him, and that the fact that the building department approved of the plans was a circumstance to be considered in his favor. Apparently, the rights of the defendant were properly guarded, and the record fails to disclose any error to his prejudice of which he can rightfully complain.

The motion for a new trial must be denied.