### McNULTY v. LUDWIG & CO.

(Supreme Court, Appellate Division, Second Department.   March 23, 1908.)

1. MASTER AND SERVANT—INJURIES TO THIRD PERSONS—WORK OF INDEPENDENT CONTRACTOR.

Where an independent contractor was employed to put up a sign over the entrance to defendant's premises, the latter was not liable for the former's acts, so as to be liable for injuries to one caused by the falling of the sign two weeks after it was put up; the work being not inherently dangerous.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 1265.]

2. NEGLIGENCE—CONDITION OF BUILDINGS—CARE REQUIRED FROM OWNER.

Where a sign had been put up over the entrance to defendant's premises, defendant was not bound at his peril to see that it was properly fastened to the building and to keep it from falling into the street; the duty in such a case being merely to use reasonable care.

3. SAME—EVIDENCE—RES IPSA LOQUITUR.

Where a sign, which had been put up over the entrance to defendant's premises by an independent contractor, fell and struck plaintiff, the fall of the sign was prima facie evidence of negligence, and the rule of "res ipsa loquitur" applied; but defendant had the right to overcome the presumption by showing that he was not negligent, for the reason that the sign had just been put up by a competent man, upon whom he relied.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 218, 225.]

Appeal from Trial Term.

Action by Bernard McNulty against Ludwig & Co.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

R. H. Barnett, for appellant.
A. H. F. Seeger, for respondent.

MILLER, J.   As the plaintiff was passing along the sidewalk of a public street in front of defendant's premises, a sign fell from over the entrance to said premises, striking the plaintiff and inflicting the injuries for which he has recovered.   It appeared that the sign rested on a cornice which projected about six inches from the face of the wall. It was fastened by means of hooks driven into the wall, the top slightly tilted out, but it does not appear that it projected over the sidewalk.   It had been put in position about two weeks before the accident by an independent contractor.   The accident happened during a violent storm.   The defendant sought to shield himself from liability by showing that he employed a competent and experienced man, to whom he intrusted the performance of the work of putting up the sign; but the court ruled that that defense was not available, and submitted to the jury the question whether reasonable care was exercised in putting up the sign.

The contractor was not the agent or servant of the defendant, and the latter was not liable for the former's acts under the maxim, "respondeat superior."   The work of putting up the sign was not in-

herently dangerous, and it is difficult to perceive how the defendant can be held negligent for the act of another, not his servant, to whom he had the right to intrust the performance of the work. See Devlin v. Smith, 89 N. Y. 470, 42 Am. Rep. 311; Burke v. Ireland, 166 N. Y. 305, 59 N. E. 914. It is not necessary now to decide whether there was sufficient evidence of negligent maintenance to take the case to the jury, because that question is not before us. The learned trial judge evidently ruled as he did upon the theory that the defendant was bound at his peril to see that the sign was properly fastened to the building and to keep it from falling into the street. But it seems to be settled in this state that the duty in such case is to use reasonable care. Mullen v. St. John, 57 N. Y. 567, 15 Am. Rep. 530; Hogan v. Manhattan R. Co., 149 N. Y. 23, 43 N. E. 403. See, also, Boomer v. Wilbur, 176 Mass. 482, 57 N. E. 1004, 53 L. R. A. 172; Garland v. Towne, 55 N. H. 55, 20 Am. Rep. 164. It might seem that the tendency of earlier cases in Massachusetts was to apply the principle of the leading case of Rylands v. Fletcher, L. R. 3 H. L. 340, to the case of the fall of an object from a building into the highway. Shipley v. Fifty Associates, 101 Mass. 251, 3 Am. Rep. 346; Gray v. Boston Gaslight Company, 114 Mass. 149, 19 Am. Rep. 324; Gorham v. Gross, 125 Mass. 232, 28 Am. Rep. 224; Khron v. Brock, 144 Mass. 516, 11 N. E. 748. But an examination of those cases, with the case of Boomer v. Wilbur, supra, discloses that a distinction must be made between cases of nuisance and negligence. This case is not like the case of Sullivan v. Dunham, 35 App. Div. 342, 54 N. Y. Supp. 962, on appeal 161 N. Y. 290, 55 N. E. 923, 47 L. R. A. 715, 76 Am. St. Rep. 274, because in that case injury resulted from a trespass, from an affirmative act inherently dangerous.

Of course, the fall of the sign was prima facie evidence of negligence. The rule, "res ipsa loquitur," applied; but the defendant had the right to overcome the presumption by showing that he was not negligent, for the reason that the sign had just been put up by a competent man upon whom he relied. The thing itself was not inherently dangerous. It could only become so by negligence in doing it. Hence the defendant could intrust the work to an independent contractor, unless he was bound at his peril to keep the sign from falling into the street; but, as we have seen, he was only bound to use reasonable care in that regard. We have not considered the case from the standpoint of nuisance, because the complaint was drawn, and the case was tried and submitted to the jury, on the theory of negligence.

The judgment must be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.