ADLIN v. EXCELSIOR BRICK CO. OF HAVERSTRAW et al.

(Supreme Court, Appellate Division, Second Department.   December 30, 1908.)

1. HIGHWAYS (§ 153*)—ABUTTING OWNERS—LATERAL SUPPORT—EXCAVATIONS.
    The rule of lateral support binds the owner of land along a highway, and if he wrongfully excavates so close as to cause the highway to cave in he is liable for any damage caused thereby.
    [Ed. Note.—For other cases, see Highways, Cent. Dig. § 299; Dec. Dig. § 153.*]

2. HIGHWAYS (§ 160*) — ABUTTING OWNERS—EXCAVATIONS—NUISANCE—QUESTION FOR JURY.
    Whether an excavation adjoining a highway is so close as to endanger the safety of the highway, and therefore be a nuisance, is a question of fact; and the jury are entitled to consider the closeness of the crest of the excavation to the highway, the perpendicular depth and length of the slope, the base of the section, the nature of the earth, and the like in determining the question.
    [Ed. Note.—For other cases, see Highways, Dec. Dig. § 160.*]

Appeal from Trial Term, Kings County.
Action by Minnie Adlin, as administratrix, etc., against the Excelsior Brick Company of Haverstraw, N. Y., and others, for wrongful death. From a judgment entered on a dismissal of the complaint, plaintiff appeals. Reversed as to the brick company, and affirmed as to the other defendant.
Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.
Jonathan Deyo (John M. Gardner and Frederick L. Taylor, on the brief), for appellant.
Stephen C. Baldwin, for appellees Excelsior Brick Company, Fowler, and Washburn.
Walter C. Anthony, for appellees Nicholson and Reilly.

PER CURIAM.  The defendant the Excelsior Brick Company owns a plot of land on the west bank of the Hudson river at the village of Haverstraw, which extends west to Rockland street, and lies between Division and Clinton streets, which run from the river to and across Rockland street about 200 feet apart; Rockland street running north and south, and Division street being to the south of Clinton street. The said defendant excavated this land for the purpose of taking out clay to make bricks. From Clinton street south toward Division street the crest of the excavation came up to the street line, and thence diverged along until, at and near the corner of Division street, it was about 53 feet from the street line; and thence the crest line bowed around the angle of Rockland and Division streets, and then gradually drew in toward the street line of Division street until it touched it. The excavation was about 70 feet deep along Division street and 55 feet along Rockland street, and sloped downward from the crest; the base of the section being about 55 feet wide. Division street, at and near the corner of Rockland street, caved into the excavation, and about 15 minutes later Rockland street, at and near the said corner,

caved in also. The plaintiff's intestate was on Rockland street, and was carried into the excavation with the slide, and killed.

The briefs of all the parties concur in saying that the object of the court in dismissing the complaint at the close of the plaintiff's case was to get an expression of the views of this court as a guide in this case and in a large number like it which are awaiting trial. The record does not disclose on what theory the dismissal was granted, nor do the briefs of the several respondents state any ground on which to base it. It is not made apparent why it was granted. It is not disputed that the rule of lateral support binds the owner of land along a highway, and that if he wrongfully excavate so close as to cause the highway to cave in he is liable for any damage caused thereby. Village of Haverstraw v. Eckerson, 124 App. Div. 18, 108 N Y. Supp. 506. Whether the excavation was so close as to endanger the safety of the highway, and therefore be a nuisance, was a question of fact; and on this head the closeness of the crest to the street, the perpendicular depth of the excavation, the length of the slope, the base of the section, the nature of the earth, and the like, were all to be considered by the jury on the question whether the excavation could reasonably be deemed a nuisance.

In justice to the learned trial judge, it may well be said that the testimony for the plaintiff could easily have been freed of much useless and confusing matter, and presented with forceful brevity and systematically. The owners or tenants of the next two plots of land to the north were also made defendants for no apparent reason, which added to the confusion; nor was any case made against the director and superintendent of the said defendant the Excelsior Brick Company.

The judgment should be reversed as to the defendant the Excelsior Brick Company, and affirmed as to all of the other defendants.

Judgment reversed as to the defendant the Excelsior Brick Company, and new trial granted, costs to abide the event, and affirmed as to the other defendants, with costs.