(153 App. Div. 206.)

McNULTY v. LUDWIG & CO.

(Supreme Court, Appellate Division, Second Department. November 15, 1912.)

1. NUISANCE (§ 1*)—DEFINITION.

The word "nuisance" designates a class of wrongs arising from an unreasonable or unlawful use of property, so as to produce such material discomfort or injury to another that the law presumes damage; every use of property, so as to materially violate the rights of another being, as a rule, an actionable nuisance.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 1, 3; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 5, pp. 4855–4864; vol. 8, p. 7734.]

2. MUNICIPAL CORPORATIONS (§ 667*)—OBSTRUCTION OF STREET—WHAT CONSTITUTES NUISANCE—STREET SIGNS.

A business sign, erected on a building so as to overhang the street, is a nuisance, if it was so placed and adjusted that it was likely to fall and injure persons or property, though not obviously dangerous.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1443, 1494–1496; Dec. Dig. § 667.*]

3. MUNICIPAL CORPORATIONS (§ 817*)—INJURIES—RES IPSA LOQUITUR—FALLING OF STREET SIGN.

The fact that a street sign, attached to a building and partly overhanging the sidewalk, fell to the ground, is some evidence that it was not properly and securely fastened to the building.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1725; Dec. Dig. § 817.*]

4. NEGLIGENCE (§ 121*)—RES IPSA LOQUITUR—APPLICATION OF RULE.

Where the instrumentality causing the injury is under the control of defendant or his servants, and the accident resulting therefrom would not, in the ordinary course of things, happen if the persons having control of the instrumentality used due care, the happening of the ac-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cident is reasonable evidence, in absence of explanation, that the accident arose from defendant's negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 217–220, 224–228, 271; Dec. Dig. § 121.*]

5. NUISANCE (§ 1*)—NEGLIGENCE (§ 1*)—NUISANCE AND NEGLIGENCE DISTINGUISHED.

The torts of nuisance and negligence are often practically inseparable, and in many cases the same acts constituting negligence create a nuisance.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 1, 3; Dec. Dig. § 1;* Negligence, Cent. Dig. § 1; Dec. Dig. § 1.*]

6. MUNICIPAL CORPORATIONS (§ 808*)—OBSTRUCTION OF STREET—PUBLIC NUISANCE—STREET SIGN.

If a sign, attached to a building and overhanging a street, was not securely attached, so as to be dangerous and likely to fall upon persons, it constituted a public nuisance, which was actionable by one injured by its falling.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1684–1687, 1690–1694; Dec. Dig. § 808.*]

7. MUNICIPAL CORPORATIONS (§ 819*)—OBSTRUCTION OF STREET—PUBLIC NUISANCE—SUFFICIENCY OF EVIDENCE.

In an action for personal injuries, caused by a signboard attached to a building falling and striking plaintiff while on the sidewalk, evidence *held* to sustain a finding that the sign, as constructed and attached to the building, was a public nuisance.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1739–1743; Dec. Dig. § 819.*]

8. MASTER AND SERVANT (§ 319*)—ACTS OF INDEPENDENT CONTRACTOR.

If the work, which the owner of property delegates to an independent contractor for performance, itself creates a dangerous condition, the owner is liable to the person injured by a failure to properly protect the work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1259, 1260; Dec. Dig. § 319.*]

9. MUNICIPAL CORPORATIONS (§ 809*)—INDEPENDENT CONTRACTORS—PUBLIC NUISANCE—PERSONS LIABLE.

All persons who participated in creating and maintaining a public nuisance were jointly and severally liable for injuries resulting therefrom, though it was originally created by an independent contractor.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1688–1694; Dec. Dig. § 809.*]

10. NEGLIGENCE (§ 38*)—OBSTRUCTION OF STREET—OVERHANGING SIGN.

One constructing a sign upon a building adjacent to a street must exercise reasonable care as a reasonably prudent man to construct and maintain it, so as to withstand the attack of the elements in the locality, such as might be anticipated to occur.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 54; Dec. Dig. § 38.*]

Appeal from Trial Term, Orange County.

Action by Bernard McNulty against Ludwig & Co. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

See, also, 125 App. Div. 291, 109 N. Y. Supp. 703.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

R. H. Barnett, of Newburgh, for appellant.

A. H. F. Seeger, of Newburgh, for respondent.

WOODWARD, J. Some two weeks prior to July 22, 1903, the defendant, in the use and occupation of premises known as No. 48 Water street in the city of Newburgh, caused an independent contractor to place a sign over the door on the outside of the front wall of the building, and immediately adjacent to or overhanging the public street at that point. This sign is described as a thick board, some 8 or 9 feet long and 2 or 3 feet wide, with a sort of railing or frame, 2½ or 3 inches thick, around the edges. Extending from either end of the board was a wing, 4 or 5 feet long, without any railing or framework. Over the top of the sign was a circle of wood, with a scene something like a "sunburst," used by defendant as a trade-mark. In the middle of the sign were the words "Ludwig & Co.," on one end the word "Pianos," and on the other the word "Organs." The sign rested on a little cornice or offset at the top of the door of the building, and slanted out toward the street, so that the bottom of the sign was a little closer to the face of the building than the top, and was attached to the wall by iron hooks. On that day, as plaintiff was walking along the street, about the middle of the sidewalk, in front of said premises, this sign fell upon him, inflicting severe bodily injuries, to recover damages for which this action was brought, and has been five times tried.

The first trial, resulting in a verdict and judgment for the plaintiff, was conducted upon the theory that his injuries were caused by negligence on the part of the defendant in putting up and maintaining the sign. The defendant sought to escape liability on the ground that it intrusted the work of putting up this sign to independent, experienced, and competent persons. But the trial court ruled that that was not a defense, upon the apparent theory that the defendant was bound at his peril to see that the sign was properly fastened to the building, and to keep it from falling into the street. For this the judgment was reversed (125 App. Div. 291, 109 N. Y. Supp. 703), this court holding, in effect, that the contractor was not the agent or servant of the defendant, and that the latter was not liable for the former's acts, under the maxim "respondeat superior"; that it was the duty of defendant to use reasonable care, and that it had the right to overcome the presumption of negligence arising from the falling of the sign by showing that the defendant company was not itself negligent. The case was not then considered from the standpoint of nuisance, because, as the court said, the complaint had been drawn and the case tried and submitted to the jury on the theory of negligence. The complaint was thereafter amended, charging, in appropriate terms and directly, that the acts complained of constituted a nuisance.

The second trial resulted in a disagreement of the jury, the third in a verdict for the plaintiff, which the trial court set aside, and also dismissed the complaint as to the alleged cause for negligence. The fourth trial resulted in a disagreement, and the fifth in the verdict and judgment for the plaintiff, to be reviewed on this appeal. The prin-

cipal ground, in respect to the merits, on which it is claimed this judgment should be reversed, is the alleged failure of the plaintiff to prove that the sign was obviously dangerous and hung over the public street. One answer to this contention is that these were questions of fact, and resolved in favor of the plaintiff by the jury on conflicting evidence.

[1] But to consider the case a little further: This trial was conducted on the theory of nuisance, a term which, so far as need be stated here, is applied in legal phraseology to a class of wrongs arising from an unreasonable, unwarrantable, or unlawful use by a person of his property, real or personal, and producing such material discomfort or hurt to another that the law will presume consequent damage. As a general proposition, every use by one of his property which violates the rights of another in an essential degree is a nuisance, and actionable as such at the suit of the party injured. 1 Wood on Nuisances, 1; Congreve v. Smith, 18 N. Y. 79; Heeg v. Licht, 80 N. Y. 579, 36 Am. Rep. 654; Clifford v. Dam, 81 N. Y. 52; Bohan v. Port J. G. L. Co., 122 N. Y. 18, 25 N. E. 246, 9 L. R. A. 711; Babbage v. Powers, 130 N. Y. 281, 285, 29 N. E. 132, 14 L. R. A. 398; Pitcher, as Adm'r, etc., v. Lennon, 16 Misc. Rep. 609, 38 N. Y. Supp. 1007.

Again, a public nuisance consists, among other things, in unlawfully doing an act, or omitting to perform a duty, which act or omission unlawfully interferes with, obstructs, or tends to obstruct, or renders dangerous for passage, a public street or highway. Penal Code, § 385. "A building adjoining a highway, which is in such a condition as to endanger the safety of persons passing along it, is a nuisance. The law casts upon the owners of buildings so situated the duty of preventing their being or becoming dangerous to persons lawfully passing along the highway." Vincett v. Cook, 4 Hun, 318, 320; Haack v. B. L. L. Ass'n, 93 App. Div. 491, 494, 87 N. Y. Supp. 814, 815.

The original complaint charges, in part, that the defendant "wrongfully and unlawfully, negligently and carelessly, maintained" this sign "over that portion of public street" in front of its store; "that said sign was wrongfully, improperly, negligently, and carelessly fastened, * * * and the fastenings were insufficient to properly and safely hold and support the said sign, and because of its improper and insecure fastenings, and because of the wrongful, improper, careless, and negligent manner in which it was maintained, the said sign was on the said 22d day of July, 1903, extremely dangerous to the life and limb of persons passing along the public street in front of said store." These are accompanied by allegations of the falling of the sign upon and injury to the plaintiff, as he was passing along the street. The complaint, as amended, charges, in addition to the foregoing, to the effect that the erection of the sign was unlawful by reason of the City Charter, which forbids the erection of any structure upon the street, or over the line of the street, and that said sign, as constructed, was obviously dangerous and therefore a nuisance.

[2] There is no claim that the complaint does not state facts

sufficient to constitute a nuisance, but that the plaintiff failed to prove that the sign, as constructed, was obviously dangerous, and over the public street. An actionable nuisance is not necessarily confined or limited, nor is this complaint, to an obviously dangerous structure over a public street, as clearly appears by the complaint itself, and the authorities already cited. The question is whether this sign was so placed and adjusted that it was liable to fall into the street and injure a person properly and lawfully traveling thereon. If so, it was a nuisance.

In Beck v. Carter et al., 68 N. Y. 283, 23 Am. Rep. 175, the plaintiff fell into an excavation on defendants' land adjacent to a thoroughfare or alley, and sued for the injury caused thereby. The court charged the jury that it made "no difference whether the excavation was 7, or 9, or 10 feet from the originally established boundaries of the thoroughfare; if it was so situated that a person lawfully using the thoroughfare, and in a reasonable manner, was liable to fall into it, the defendant was liable." The Court of Appeals upheld the charge, and the doctrine of that case is the settled law of this state. Murphy v. Perlstein, 73 App. Div. 256, 76 N. Y. Supp. 657; Ann v. Herter, 79 App. Div. 6, 79 N. Y. Supp. 825; Uggla v. Brokaw, 117 App. Div. 586, 102 N. Y. Supp. 857; Collins v. Decker, 120 App. Div. 645, 105 N. Y. Supp. 357; McAlpin v. Powell, 70 N. Y. 126, 133, 26 Am. Rep. 555; Sterger v. Van Sicklen, 132 N. Y. 499, 30 N. E. 987, 16 L. R. A. 640, 28 Am. St. Rep. 594.

Not only so, the court in Hayes v. Mich. Cent. R. R. Co., 111 U. S. 228, 4 Sup. Ct. 369, 28 L. Ed. 410, said that the proprietor making an excavation in his land adjoining a public highway, rendering the highway unsafe for those who use it with ordinary care, is "guilty of a public nuisance, even though the danger consisted in the risk of accidentally deviating from the road, and liable to an action for damages to one injured by reason thereof. * * * The true test is," continued Mr. Justice Matthews, writing the opinion, "as said by Hoar, J., in Alger v. City of Lowell, 3 Allen [Mass.] 402, 'not whether the dangerous place is outside of the way, or whether some small slip of ground not included in the way must be traversed in reaching the danger, but whether there is such a risk of a traveler, using ordinary care in passing along the street, being thrown or falling into the dangerous place, that a railing is requisite to make the way itself safe and convenient.'" The doctrine of that case, it is there said, has been recognized in England since the decision in Barnes v. Ward, 9 C. B. 392, and generally adopted in this country. 111 U. S. 228, 236, 4 Sup. Ct. 369, 28 L. Ed. 410.

A majority of the foregoing were cases in which the injury was caused by excavations; but it makes no difference that the danger is created by a superstructure on or above ground. Nuisance is the gist of the case, and consists of an unlawful act or omission of duty, which interferes with, obstructs, or tends to obstruct, or renders the street or highway dangerous for passage. "The public are entitled to the street or highway in the condition in which they placed it, and whoever, without special authority, materially obstructs

it, or renders its use hazardous, by doing anything upon, above or below the surface, is guilty of a nuisance." Babbage v. Powers, 130 N. Y. 285, 29 N. E. 133, 14 L. R. A. 398. In San Filippo v. American Bill Posting Co., 112 App. Div. 395, 98 N. Y. Supp. 661, a signboard fell from the top of an adjoining building into the plaintiff's yard, whereby she was injured. Gaynor, J., rendering the opinion of the court, said:

"The sign was imminently dangerous, if not so maintained that it could not fall."

In Uggla v. Brokaw, supra, the plaintiff was struck and injured by a part of a skylight blown from the top of a building opposite which he was driving a team in the street. He sued for the injury. The complaint was carefully examined by the court, to determine whether it was for negligence or nuisance. The controlling allegations were that these structures on the roof of the building " 'were negligently, carelessly, dangerously, and improperly made and constructed, in that the roofs thereof were improperly and * * * insecurely fastened, * * * so that the said roofs and bricks of the said structures were in an unstable and dangerous condition, and liable to be blown off the roof of the said building'; that the attention of the defendant" (owner not in possession of the building) "had been frequently called 'to the dangerous condition of the said structures and to their faulty construction, and to the danger of the bricks and roofs falling upon passersby on Fifth avenue in front of the building; * * * the said defendant, well knowing the premises, negligently and carelessly permitted and allowed the said structures and the roofs thereof to be and remain in an improper, insecure, and unsafe condition'; that on the occasion in question the roofs of said structures, or of one of them, and the bricks, mortar, · * * * were blown from the roof of the building 'through the carelessness and negligence of the defendant in allowing * * * said structures * * * to be and remain in said improper, unsafe, and insecure condition.' " The complaint was held sufficient to authorize a recovery on the theory of nuisance, yet there was neither allegation nor proof, in that case, that the building encroached upon the street, nor that the skylight was obviously dangerous.

[3] The evidence in the present case tends to show that the wall of the buillding, to which the sign was attached, encroached upon the street from 2½ to 3 inches, and the sign still further. Whether such were the facts, or the jury so found, is not, in view of the authorities, indispensable to the existence of a nuisance or the right of the plaintiff to recover for injuries caused thereby. It is proved, without contradiction or dispute, that the sign fell upon and injured him while he was lawfully passing along the street, thus leaving the recurring questions as to whether the sign, as constructed and fastened, rendered the street dangerous for passage, and, if so, the defendant's liability therefor. We concur in the charge of the learned trial judge to the jury that the fact that the sign fell is some evidence that it was not properly and securely fastened.

[4] The rule, as applied in the law of negligence, is that where the thing is shown to be under the control or management of the defendant or his servants, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from the want of care. Breen v. New York Cent. & H. R. R. R. Co., 109 N. Y. 297, 16 N. E. 60, 4 Am. St. Rep. 450; Wolf v. American Tract Society, 164 N. Y. 30, 58 N. E. 31, 51 L. R. A. 241; Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630. The rule has been applied in a great variety of cases, of which the following are a few, applicable, if not controlling, in the present case, as where a person on the street was injured by the falling of a sign from the front of an adjacent building (Morris v. Strobel & Wilken Co., 81 Hun, 1, 30 N. Y. Supp. 571); by the wall of a building blown upon a street by a strong wind (Vincett v. Cook, supra); by a skylight blown from a building into a street (Uggla v. Brokaw, supra); by a portion of a window sill falling upon a sidewalk (Papazian v. Baumgartner, 49 Misc. Rep. 244, 97 N. Y. Supp. 399); by the falling of an electric wire (O'Leary v. Glens Falls Gas & Electric Light Co., 107 App. Div. 505, 95 N. Y. Supp. 232); by the falling of a fire extinguisher in a railroad car (Allen v. United Traction Co., 67 App. Div. 363, 73 N. Y. Supp. 737); and the decision in the former appeal in the case at bar (125 App. Div. 291, 109 N. Y. Supp. 703).

[5] It is true that the gravamen or substantial cause of action here is not negligence, but nuisance. Nevertheless, such a structure may be lawful in itself, and yet become a nuisance through negligence in the maintenance or use of it. The existence of a nuisance, in many, if not in most, instances, presupposes negligence. These torts may be, and frequently are, coexisting and practically inseparable, as where the same acts or omissions constituting negligence give rise to a nuisance. Clifford v. Dam, supra; Lamming v. Galusha et al., 135 N. Y. 239, 31 N. E. 1024; Dunsbach v. Hollister, 49 Hun, 352, 2 N. Y. Supp. 94; affirmed, 132 N. Y. 602, 30 N. E. 1152; Uggla v. Brokaw, supra; Pitcher, as Adm'r, etc., v. Lennon, supra.

The case at bar falls, in a measure at least, within that class of cases; the fact that the sign fell being, in the absence of explanation of the cause, some evidence of negligence, and, therefore, some evidence of nuisance—not enough, it may be, to uphold a verdict without proof of the attendant facts and circumstances. But this verdict does not rest upon that evidence or inference alone. The plaintiff introduced evidence as to the size and character of the sign, as already stated, and further to the effect that it was attached to the wall of the building by four pieces of iron about a third of an inch wide and four inches long, one end of which was hooked over the edge of the sign, and the other driven about a half an inch into the mortar between the bricks of the wall; that the usual and ordinary method of fastening such signs is to drill holes in the wall, insert wooden plugs, and screws in these, to the depth of three or four inches or

more; that no holes were drilled in the wall, or wooden plugs inserted, in this case; and the like. The defendant controverted this testimony by evidence tending to show that this sign was fastened in the usual or ordinary way; that the hooks were six inches long, and inserted about three inches in the wall, with wooden plugs in some of the holes at least.

[6, 7] The court instructed the jury, and properly so, as we think, to the effect that, if the sign were properly fastened to the wall of the building, then the defendant was not liable; that if the sign was insecurely fastened, and was liable to fall in the public street, and endangered the public or one of the public traveling upon that highway, it constituted a public nuisance; that if this sign was insecure, unsafe, and dangerous, and likely to fall upon persons in the public street, then the plaintiff's case as to a public nuisance is made out against the defendant, it appearing beyond dispute that the plaintiff was injured by the falling of the sign while properly and lawfully walking along the street. This question of fact, as to whether the sign was properly fastened and maintained upon the building, was, therefore, fairly submitted to the jury upon conflicting evidence. They resolved that conflict in favor of the plaintiff. They must have concluded, in view of the evidence as to the size and manner of fastening the sign and the instructions of the court, that the sign was not properly secured; that it was insecure, likely to fall into the street; that it rendered the street dangerous for passage, and was, therefore, a nuisance. That question of nuisance or no nuisance was one of fact for the jury. Adlin v. Excelsior Brick Co., 129 App. Div. 713, 113 N. Y. Supp. 1017; Melker v. City of New York, 190 N. Y. 481, 83 N. E. 565, 16 L. R. A. (N. S.) 621, 13 Ann. Cas. 544. The verdict is not without evidence to support it on that point, nor so contrary to the evidence as to call for a reversal of the judgment. Nor is there any doubt as to the defendant's liability to the plaintiff for the injury caused by the nuisance.

[8] It is a general rule, it is true, that the owner of property is not liable for the negligent acts of an independent contractor with whom he has an agreement for the performance of the work. But to this rule there is an exception. If the work itself creates the danger or injury, then the ultimate superior or proprietor is liable to persons injured by a failure to properly guard or protect the work, even though the work is intrusted to an independent contractor; and such superior or proprietor cannot shield himself by a plea and proof that the work was so intrusted. Mullins v. Siegel-Cooper Co., 183 N. Y. 129, 136, 75 N. E. 1112; Neumeister v. Eggers, 29 App. Div. 385, 386–7, 51 N. Y. Supp. 481; Murphy v. Perlstein, supra; Ann v. Herter, supra; Pitcher, as Adm'r, etc., v. Lennon, supra; Water Co. v. Ware, 83 U. S. (16 Wall.) 566, 576, 21 L. Ed. 485. This case falls within that exception.

[9] Not only so; once it is established, as by the verdict in this case, that the sign constituted a nuisance, all who participated in creating or maintaining such nuisance were jointly and severally liable for it, even though the work was done by an independent contractor.

Sullivan v. McManus, 19 App. Div. 167, 45 N. Y. Supp. 1079; Uggla v. Brokaw, 117 App. Div. 586, 595, 102 N. Y. Supp. 857, and cases there cited; Simmons et al. v. Everson et al., 124 N. Y. 319, 26 N. E. 911, 21 Am. St. Rep. 676; Irvine v. Wood et al., 51 N. Y. 224, 10 Am. Rep. 603; Deming v. Terminal Ry. of Buffalo, 169 N. Y. 1, 61 N. E. 983, 88 Am. St. Rep. 521. There is no dispute as to the facts that the defendant procured the sign to be placed on the building in his own interest, for his own use, and that he continued to occupy the building with the sign so upon it, until it fell upon the plaintiff, in the lawful use of the street.

The defendant alleged, and offered some evidence on the trial for the purpose of showing, that the sign fell as the result of an unusual and extraordinary rain and wind storm. But the testimony does not support that contention. The witnesses testifying upon the subject said the storm was a severe one while it lasted, 12 or 15 minutes; but two of the three witnesses for the defendant admitted they had seen other storms equally severe, and the third said nothing upon that subject. A witness called on behalf of the plaintiff said he had lived in Newburgh 14 or 15 years, and that "the wind" (on this occasion) "was quite severe for a few minutes. *It was a storm of the kind we very frequently have in the summer time, I have seen worse.*" Further, that he saw the sign fall upon the plaintiff, and that the storm was practically over at that time.

[10] It is the duty of a person constructing or maintaining such a sign upon a building adjacent to a public street to exercise reasonable care to so construct or maintain it as to withstand such rains or winds as reasonably prudent men, familiar with weather conditions in the locality, would anticipate might occur. Morris v. Strobel & Wilken Co., 81 Hun, 1, 30 N. Y. Supp. 571; Uggla v. Brokaw, 117 App. Div. 586, 595, 102 N. Y. Supp. 857. Whether this sign was so constructed and maintained was a question of fact for the jury (Id.), and was determined by the jury in favor of the plaintiff, upon fair instructions by the court as to the law. There is no ground or reason for disturbing that determination.

Several exceptions were taken on behalf of the defendant to the introduction of evidence and to the charge to the jury. But these do not present such errors, if any, as would justify a reversal of the judgment and order appealed from. They relate, for the most part, to the claim or contention that the plaintiff was bound to prove, in order to recover, that the sign as constructed was obviously dangerous and over the public street, that the question of negligence could not be considered in ascertaining whether a nuisance existed, and, in any event, the defendant was not liable for plaintiff's injuries. The conclusion already expressed disposes of these exceptions.

Judgment affirmed, with costs. All concur.