PHILLIPS v. ROTH et al.

(Supreme Court, Appellate Division, First Department.  February 6, 1914.)

MASTER AND SERVANT (§ 316*)—LIABILITY FOR INJURY TO THIRD PARTY—WORK
OF INDEPENDENT CONTRACTOR.

 A general contractor, having a contract to construct and install storm
windows for a building, sublet the work of installment and putting in the
glass to subcontractors.  The general contractor did not specify how the
work was to be performed or reserve the right to interfere in any way.
*Held*, that the subcontractors were independent contractors, the work sub-
let not being inherently dangerous, and hence the case not falling within
the exception that, where a person sublets work inherently dangerous, he
is bound to see that it is performed in a proper way.

 [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1242,
1243;  Dec. Dig. § 316.*]

Appeal from Trial Term, New York County.

Action by Lawrence C. Phillips against Joseph Roth and others.
Judgment for plaintiff, and defendants appeal.  Reversed, and new
trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, CLARKE, and SCOTT, JJ.

Benjamin C. Loder, of New York City, for appellants.
Ralph G. Barclay, of Brooklyn, for respondent.

McLAUGHLIN, J.  Rector's, a corporation conducting a restau-
rant in the city of New York, made a contract with one Albert to con-
struct and install eight storm windows in a building occupied by it.
Albert assigned the contract to the appellants, a copartnership en-
gaged in doing cabinet work, and they manufactured the window
frames and sublet to one Munnane the work of installing them, and
to David Shuldiner, Inc., the work of putting in the glass.  In putting
in the frames Munnane used a portable scaffold some 14 feet long,
supported by four uprights about 10 feet in height.  It was placed
upon the sidewalk and moved from one window to another as occasion
required.  It had been used for three days, and, on the night before
the accident, left securely fastened to the building.  On the day of
the accident it had not been used at all by Munnane or his employés.
Immediately prior to the accident two men who were putting in the
glass attempted to move it, and in doing so it fell over, struck the
plaintiff, and caused the injury of which he complains.  This action
was brought against Rector's and the appellants, the general contrac-
tors.  At the close of plaintiff's case the complaint was dismissed as
against Rector's, and at the conclusion of the trial submitted to the
jury to determine whether the appellants were liable.  It found a ver-
dict in favor of the plaintiff for $1,700, and, from the judgment en-
tered thereon and an order denying a motion for a new trial, the ap-
peal is taken.

The verdict is not sustained by the evidence.  Assuming that the
scaffold fell by reason of the negligence of the men who were moving
it, and they were the employés of either the subcontractor, Munnane,

or Shuldiner, Inc., this did not make the appellants liable. It conclusively appeared that both Munnane and Shuldiner, Inc., were independent contractors. Their employés were not hired by the appellants and were in no way subject to their direction or under their control. When the appellants sublet the work for installing the window frames and putting in the glass, they did not specify how that work was to be performed, nor did they reserve to themselves the right to interfere in any way with its prosecution. Both subcontractors were, so far as appears, thoroughly competent to do what they had agreed to, and there is no evidence whatever indicating negligence on the part of the defendants in subletting the work to them. The appellants therefore, in accordance with well-settled principles regarding independent contractors, are not liable for their negligence or that of their workmen. Hexamer v. Webb, 101 N. Y. 377, 4 N. E. 755, 54 Am. Rep. 703; McCafferty v. S. D. & P. M. R. R. Co., 61 N. Y. 178, 19 Am. Rep. 267; Von Lengerke v. City of New York, 150 App. Div. 98, 134 N. Y. Supp. 832.

The court below was of the opinion that the case, in principle, fell within the exception to the rule laid down in the authorities cited, to the effect that a person who makes a contract necessarily involving the doing of some act inherently dangerous is bound to see that the act is performed in a proper way. The facts, however, do not bring the case within the exception. The installation of the frames and glass was not an act inherently dangerous. It could have been performed with safety. It is obvious the scaffold could have been secured or moved without danger to one using the street. The fact that it fell upon the plaintiff was not by reason of any negligence on the part of the appellants, but solely by reason of the negligence of the subcontractors or some one in their employ.

The case cannot be distinguished, in principle, from Hexamer v. Webb, supra, where defendant had agreed with an independent contractor to do certain repairs on the outside of a building, and in the performance of the work the contractor used a suspended scaffold from which a plank fell, striking plaintiff, who was passing in the street. The court held that defendant was not liable because the work was not of such a character as to bring the case within the exception of the rule referred to.

See, also, Engel v. Eureka Club, 137 N. Y. 100, 32 N. E. 1052, 33 Am. St. Rep. 692; Wolf v. American Tract Society, 164 N. Y. 30, 58 N. E. 31, 51 L. R. A. 241; and Uppington v. City of New York, 165 N. Y. 222, 59 N. E. 91, 53 L. R. A. 550.

The judgment and order appealed from, therefore, are reversed, and a new trial ordered, with costs to appellants to abide event All concur.