CLEMENS v. BRETZ.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

NEGLIGENCE (§ 136*)—OPENINGS NEAR HIGHWAY—INJURIES TO CHILD—QUESTIONS FOR JURY.

Where the owner of a tenement house maintained an opening for the ventilation of his cellar, which was not protected in any way, and which was so near the sidewalk that persons using the highway in ordinary course were likely to receive an injury, he was liable for an injury to a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

child, who fell through the opening, if the jury should find the opening to be a dangerous one; and hence it was error to dismiss the complaint and refuse to submit the question of his liability to the jury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

Appeal from City Court of New York, Trial Term.

Action by Richard Clemens, Jr., an infant, by Richard Clemens, his guardian ad litem, against Jacob Bretz. From a judgment dismissing the complaint at the close of the entire case, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued October term, 1914, before SEABURY, BIJUR, and CO-HALAN, JJ.

Samuel S. Marcus, of New York City, for appellant.

Nadal, Jones & Mowton, of New York City (Edward P. Mowton, of New York City, of counsel), for respondent.

BIJUR, J. This action was brought to recover damages for personal injuries to a boy who at the time of the accident was 5½ years old. Defendant was the owner of a tenement house. In front of this house and on the public sidewalk were two iron doors, which, when opened, disclosed a stairway leading to the cellar of the house. On either side of the doors was an iron railing, which prevented pedestrians from walking over the doors in passing over the sidewalk. The show window of the house projected a foot or more over these doors, and under the show window was an opening 15 inches high and 42 inches wide, which had been cut by the defendant or was maintained by him for the purpose of ventilating the cellar. This was not protected in any way. The infant, while playing with other children on the iron doors, backed, or was pushed, through the opening, and fell into the cellar, receiving injuries for which damages are sought. The cellar doors had been in their then position on the sidewalk for some 17 years. Defendant knew that children were in the habit of playing on the cellar doors.

At the close of the case, the learned trial judge required plaintiff to elect whether he was proceeding on the theory of nuisance or negligence. Plaintiff excepted, and then elected to proceed upon nuisance. Defendant's motion to dismiss having then been renewed, plaintiff asked that the case be submitted to the jury on all questions involved; but the latter motion was denied, and the motion to dismiss granted, to which plaintiff took due exception. I think it was error to dismiss the complaint.

The question on this appeal is whether, if the jury determine the opening to be a dangerous one, defendant can be held liable in nuisance for maintaining it, not in or upon the public highway, but so near to it that persons using the highway in ordinance course are likely to receive an injury therefrom. This point was determined adversely to defendant in McNulty v. Ludwig & Co., 153 App. Div. 206, particularly at 209 and 210, 138 N. Y. Supp. 84.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes