Rock, Plaintiff, *v.* Radice Electric Company, Defendant.

City Court of New York, April 19, 1927.

Negligence — action for injuries suffered when sign fell from defendant's building and injured plaintiffs on sidewalk — plaintiffs rest upon presumption of negligence arising from accident — defendant's explanation that it had no knowledge of cause of sign falling did not overcome said presumption — verdict of jury in favor of plaintiffs warranted under circumstances.

This is an action to recover for personal injuries suffered when a sign from defendant's building fell on plaintiffs while walking on the sidewalk near defendant's premises. Plaintiffs rested upon the presumption of negligence arising from the happening of the accident. Defendant did not deny the accident, but claimed that aside from ordering the erection of the sign, it knew nothing of how it was erected or that it had fallen, until after the accident. The failure of defendant to affirmatively explain how the accident happened or the cause of the sign falling did not overcome the presumption of negligence with which plaintiffs' case was endowed, and consequently the jury was warranted in finding that the sign fell because of defendant's negligence, and a verdict in favor of the plaintiffs, under the circumstances, should not be set aside.

Action for injuries sustained when sign fell from defendant's building.

*Leo M. Wieder,* for the plaintiff.

*Frank J. O'Neill,* for the defendant.

Evans, J. Late Sunday afternoon, October 25, 1925, plaintiffs were walking, on the sidewalk, near the defendant's place of business, No. 623 East Tremont avenue, when a sign fell upon them and injured them. There was sufficient proof to establish that it was defendant's sign, and that it fell upon them from the place where the defendant maintained it. Plaintiffs rested upon the presumption of negligence arising from the happening of the accident. The defendant did not deny the accident but sought to rebut the presumption by calling one of its officers, the effect of whose testimony was, that defendant contracted with a sign-maker to build and erect the sign; the sign-maker brought the sign to the defendant's place of business on Saturday afternoon preceding the day of the accident, and his men were preparing to erect the sign, about midday, at which time the defendant closed its place of business for the week end; defendant knew nothing more of the erection or falling of the sign until after the accident. This testimony stands uncontradicted, and it is claimed that it destroys any presumption of negligence relied upon by the plaintiffs.

There is no question that a jury may not disregard testimony given by an uncontradicted witness, who is not discredited or impeached, and whose testimony is not in any way improbable; and that rule applies, according to the authorities, to interested witnesses as well as disinterested ones, in substantially the same way. (*People* v. *Gerdvine*, 210 N. Y. 184; *Volkmar* v. *M. R. Co.*, 134 id. 418; *Elwood* v. *Western Union Telegraph Co.*, 45 id. 549; *Lomer* v. *Meeker*, 25 id. 361.)

As to whether this action sounds in negligence or nuisance, no stress is laid by either party, and is indeed of small consequence, since the defendant was in possession and control of the sign, and the manner of the happening of the accident fairly precludes any arguable point on the question of contributory negligence. (*Uggla* v. *Brokaw*, 117 App. Div. 586.) The fact that the sign fell is some evidence of negligence, in the absence of explanation of the cause, and, therefore, some evidence of nuisance. (*McNulty* v. *Ludwig & Co.*, 153 App. Div. 206.) The problem here is whether the explanation offered by defendant, of itself, in any way affects the presumption of negligence. Taking the explanation at its full value, the jury was bound to find that defendant did agree with an independent contractor to make and erect the sign, and the jury was further bound to make the inference, from the facts, that the independent contractor did, in fact, erect the sign at the place where it fell. Further than that the jury was not bound to find. The claim is made that the further inference was compulsory on the jury — that the sign fell because of the negligence of the independent contractor in the erection of it.

There is nothing in the evidence that warrants the latter inference. If such an inference may be had it can only be made as a logical conclusion from the mere fact of the falling of the sign. The doctrine of *res ipsa loquitur* may be applied as between these plaintiffs and the defendant (*McNulty* v. *Ludwig & Co.*, *supra*), but I know of no authority nor reason for extending that doctrine beyond its legitimate limitation, so that it may apply as between this defendant and the independent contractor.

The sign may have fallen either because it was badly erected, or because, after being properly erected, it was damaged by the elements, or some unknown cause.

Even if it be permissible to infer, from defendant's testimony, that the independent contractor was negligent in the erection of the sign, that would not save defendant from liability, for each person who creates or continues a dangerous situation is responsible for it. (*Zolezzi* v. *MacCanlis*, 210 App. Div. 368.)

In my judgment, the presumption of negligence survived the

defendant's explanation, fully conceding that the sign was erected in defendant's absence, and maintained by defendant for a little over a day, during a holiday period, when it had no occasion or opportunity to exercise that reasonable care that the law requires to guard the public from the possibility of the sign falling.

Hanging signs, subject to the winds and elements, maintained during any period of time, without proper care, are dangerous to the public, which has a right to use the highway.

For all that appears, it is quite probable that the sign may have broken its fastenings during the short time it overhung the highway, and thus fell on plaintiffs. · The fact that defendant was absent during the Sunday, so that it could not be apprised of, nor see the dangerous situation that the sign assumed, is, in my judgment, no exculpation of the presumption of negligence. The duty of defendant to use due care began when the sign-maker finished his work, and the care required was commensurate with the probability of danger. The evidence discloses no affirmative act on the part of defendant as to the inspection of the sign and the manner in which it was placed above the heads of pedestrians. Defendant merely assumed that the sign-maker had properly and carefully performed his work, and that nature or accident would not undo it over the week-end.

The question is fairly close. The evidence as a whole does not, in my judgment, show an affirmative act of negligence, nor any negligent failure to act, on the part of the defendant, in failing to pursue the work of the sign-maker .for that particular time or period. Defendant did what most people would ordinarily do, and if the plaintiffs were, under the law, required to show any affirmative or passive act of negligence, their case would necessarily fail. But the law has endowed plaintiffs' case with a presumption, and such a presumption must in some way be met, if it is to be overcome; and I do not see how such a presumption can be met by testimony that is entirely negative in its character, in the sense that the effect of the explanation is that defendant does not know how the accident happened, nor the cause of the sign falling.

The case was submitted to the jury under instructions which permitted them to find the defendant negligent, or not, from all of the evidence adduced, and required them to pass on plaintiffs' contributory negligence. I think defendant has had a much more favorable charge than it was entitled to. The jury having determined the liability of defendant under these instructions, which were not excepted to, the verdict is not, in accordance with the foregoing notions of the law that I have, against the weight of the evidence.

Motion denied. Ten days' stay, thirty days to make a case.