MINNIE ROCK and Another, Respondents, *v.* RADICE ELECTRIC Co., INC., Appellant.*

Supreme Court, Appellate Term, First Department, December 20, 1927.

Negligence — plaintiffs were injured when sign on defendant's building fell — defendant never saw sign — doctrine of res ipsa loquitur not applicable.

In this action by plaintiffs to recover for injuries suffered when a sign on defendant's building fell upon them, evidence that defendant had ordered the sign to be installed and that he had never seen the sign on the building repudiates the inference of negligence on his part which would arise from the application of the *res ipsa loquitur* rule, and consequently there was no issue to submit to the jury, particularly where the case was tried exclusively on the theory of negligence.

APPEAL by defendant from judgment of the City Court of the City of New York, county of Bronx, in favor of plaintiffs, entered on a verdict of the jury.

*Frank J. O' Neill* [*John F. Foley* of counsel], for the appellant.

*Leo M. Wieder,* for the respondents.

PER CURIAM. Plaintiffs were walking in the street when a sign upon defendant's building fell and injured them. Although in a colloquy when the case opened plaintiffs' counsel stated that he desired to amend his complaint to add to the words charging negligence the words " so as to constitute a nuisance," he withdrew the request upon the court's statement that he did not think that it was necessary. The case then proceeded as one upon negligence. Defendant proved without contradiction that he had ordered the sign to be installed and that the sign contractor called on a Saturday with the sign; that defendant left to keep an appointment, and that his place of business was closed on the succeeding

* Revg. 129 Misc. 421.

day, Sunday. The accident happened at six-twenty-six P. M. on Sunday. Defendant had never even seen the sign on the building. Apparently it was removed by the public authorities after it had fallen and before the defendant had returned to his place of business on Monday morning. Under these circumstances it is clear that defendant completely rebutted the inference of negligence on his part which arose from the application of the doctrine *res ipsa loquitur* and that there was really no issue to submit to the jury. The appropriate motions to dismiss made by the defendant should have been granted. We do not wish to indicate any opinion on the question as to whether an action based on nuisance may be sustained (*McNulty* v. *Ludwig & Co.*, 153 App. Div. 206; *Uggla* v. *Brokaw*, 117 id. 586), but as the present case was tried exclusively on the theory of negligence, the judgment cannot be sustained on any other theory. (*Martin* v. *Pettit*, 117 N. Y. 118; *McNulty* v. *Ludwig & Co.*, 125 App. Div. 291.)

Judgment reversed, with costs, and complaint dismissed, with costs.

All concur; present, BIJUR, LEVY and CRAIN, JJ.