SOLOMON SCHNEYER, Respondent, v. LEBLANG REALTY CORPORATION and Others, Defendants, Impleaded with ROSE FISCHER and Others, Individually and as Copartners Doing Business under the Firm Name and Style of MME. FISCHER BEAUTY SALON, Appellants.

First Department, May 29, 1936.

*Walter L. Glenney* of counsel [*Chauncey L. Grant,* attorney], for the appellants.

*Benjamin H. Siff* of counsel [*Fred S. Weitzner,* attorney], for the respondent.

TOWNLEY, J.   Plaintiff sued the defendants for damages resulting from the alleged negligence of the defendant Brown.

The appellants are the tenants of a loft on the second floor of a building located at 151 West Forty-second street, in the borough of Manhattan, city of New York.   They contracted with the codefendant Joseph Brown to install a ventilator in a transom over a window facing the street.   This involved the removal of a pane of glass and the replacement thereof with a board having a fourteen-inch hole in it in which the fan could operate.   When in place no part of the fan extended over the sidewalk and below the window was a ledge about one foot wide.   When completed the fan would be about two feet inside the outer edge of the building.

Brown agreed to complete the job for a lump sum of seventy-five dollars.   While the work was being done and the electrician was installing the fan, he took a blade of the fan in his left hand and passed it through the transom and then put his right hand through the hole in the board in order to fit it into place.   While passing the blade from his left hand to his right hand he accidentally dropped it.   It weighed about two pounds.   It fell and struck the plaintiff who was at that moment passing on the sidewalk. There was no supervision of the work by the tenant.

On this appeal the appellants contend that the proximate cause of the accident was the negligence of an independent contractor for which the appellants are not liable and that it was reversible error for the trial court not to charge as requested, as follows: " I ask your Honor to charge the jury that the installation of this ventilator fan in and of itself was not inherently dangerous."

The tenant was not liable for the negligence of its subcontractor unless the work to be performed under the contract was such as was inherently dangerous.   The Court of Appeals in *Herman* v. *City of Buffalo* (214 N. Y. 316) said that the owner of property is exempt from liability under these conditions unless the act " in and of itself is unlawful or the thing contracted to be done is necessarily unlawful or wrongful, or the injury is a direct and natural result from the work required of the independent contractor either by the contract or the direction of the owner."   The work which the contractor was required to perform here was not necessarily dangerous.   It involved nothing but a small repair to the front of the building for the convenience of the tenant.   The performance of this work under ordinary circumstances would involve no danger to persons on the street.   The accident was caused entirely by the casual negligence of the contractor in the performance of this work and the tenant is not liable.   (*Phillips* v. *Roth*, 160 App. Div. 792; *Hexamer* v. *Webb*, 101 N. Y. 377; *McNulty* v. *Ludwig & Co.*, 125 App. Div. 291.)

This court in *Phillips* v. *Roth* (*supra*) had occasion to pass on this question. An independent contractor was installing window frames. This court said: " The installation of the frames and glass was not an act inherently dangerous. It could have been performed with safety. It is obvious the scaffold could have been secured or moved without danger to one using the street. The fact that it fell upon the plaintiff was not by reason of any negligence on the part of the appellants, but solely by reason of the negligence of the sub-contractors or some one in their employ."

We are satisfied that the appellants performed their full duty and left the execution of this work to a competent contractor and that no negligence was established.

The judgment as against the defendants-appellants should be reversed, with costs, and the complaint as to said defendants dismissed, with costs.

MARTIN, P. J., McAVOY, DORE and COHN, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint as to the defendants-appellants dismissed, with costs.