Per Curiam.

The rule of res ipsa loquitur applies where an advertising sign has fallen, and hangs in a precarious position over a public sidewalk (McNulty v. Ludwig & Co., 153 App. Div. 206). Plaintiff gave some evidence indicating how this sign had been affixed to the wall of the abutting building, but not enough to indicate what caused it to fall. Plaintiff, as a police officer, was under a duty to do something to abate this nuisance, or so the jury might find. In Wagner v. International Ry. Co. (232 N. Y. 176, 180) the court said: “ Danger invites rescue. The cry of distress is the summons to relief. The law does not ignore these reactions of the mind in tracing conduct to its consequences. It recognizes them as normal. It places their effects within the range of the natural and probable. The wrong that imperils life is a wrong to the imperilled victim; it is a wrong also to his rescuer.” The jury were not required to find that it was a superseding act of negligence, breaking the casual connection, for the plaintiff to have set up and ascended a ladder in order to remove this sign from its dangerous position. It was open to the jury to determine that this act by plaintiff was a normal response to a situation created by defendant’s negligence in hanging or maintaining the sign (1 Warren on Negligence in N. Y. Courts, pp. 53-54, 62). In being knocked off or *388 falling from the ladder, plaintiff was not guilty of negligence as matter of law, and the jury have determined that he was not negligent in fact (Carney v. Buyea, 271 App. Div. 338; Wagner v. International Ry. Co., supra).
The judgment appealed from should be reversed, with costs, and the jury’s verdict in favor of plaintiff and against defendant in the sum of $3,000 should be reinstated, and judgment entered in favor of plaintiff and against defendant in that amount, with interest upon the verdict, and with costs in the trial court.
Dose, J. P., Cohn, Callahan, Van Voobhis and Shientag, JJ., concur.
Judgment unanimously reversed, with costs, and jury’s verdict in favor of plaintiff and against defendant in the sum of $3,000 reinstated, and judgment directed to be entered in favor of the plaintiff and against the defendant in that amount, with interest upon the verdict, and, with costs in the trial court.