REYNOLDS v. VAN BEUREN et al.

(Supreme Court, Appellate Division, First Department.   May 11, 1900.)

1. NEGLIGENCE—FALLING OBJECTS—INJURIES—EVIDENCE—VERDICT.
    Where defendants, as lessees of a roof, had erected a large sign, and by reason of their negligent alteration and extension thereof the sign was blown down, causing injuries to plaintiff, a verdict for plaintiff would not be disturbed, as against the weight of evidence.

2. SAME—COMPLAINT—PROOF—VARIANCE.
    Where a complaint alleged that defendants, as lessees of a roof, had erected a large sign thereon, and had permitted it to become out of repair; that it was negligently constructed, and improperly fastened to the roof, by reason of which it fell, causing injuries to plaintiff,—evidence that defendants removed the fastenings of the sign, changed its position, and built an extension which caused the sign to fall, by reason of the negligent manner in which the work was done, would not constitute a fatal variance between the allegations and the proof.

Appeal from trial term, New York county.

Action by Charles H. Reynolds against Alfred Van Beuren and others for injuries received by a falling sign.   From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal.   Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, INGRAHAM, and McLAUGHLIN, JJ.

T. J. O'Neill, for appellants.

N. Zabriskie, for respondent.

VAN BRUNT, P. J.   This action was brought to recover damages for personal injuries sustained by the plaintiff on the 26th of September, 1892; he having been hit by a sign which fell from the roof of a building on Broadway, New York City.   The sign in question had been used by these defendants for posting advertising bills.   This action was previously tried in the court of common pleas, and the plaintiff had a verdict, which was affirmed by the general term, but was reversed by the court of appeals upon the ground that it appeared from the agreement offered in evidence, under which the defendants were using the sign in question for advertising purposes, that the defendants had merely a license from the tenant in possession to go upon the roof of the building and place advertisements upon the sign.   The court further held that the instrument conveyed no estate or interest whatever in the realty, and no possession or right of possession to the building or any part of it; and that the complete possession of the building and its appurtenances, notwithstanding this paper, was in Williams, the tenant.   Reynolds v. Van Beuren, 155 N. Y. 120, 49 N. E. 763.   Upon the new trial of the case this agreement was not admitted in evidence, and we are left to the allegations and admissions of the pleadings for the purpose of

showing the rights of the defendants in respect to the roof of the building, and also to certain oral evidence as to the dominion which they exercised over the sign in question. It is alleged in the complaint that the defendants were the lessees and in possession of the roof of the premises No. 1277 Broadway, with the appurtenances thereunto belonging; and that they had erected, or caused to be erected, thereon a large signboard for general advertising purposes, attached to the roof of said premises, which signboard was some 20 feet in length and 10 feet in height, and weighed nearly a ton. The answer admitted that the said firm were lessees of the roof of the premises No. 1277 Broadway, and denied each and every other allegation in the paragraph of the complaint above referred to.

Under these allegations and admissions, it is apparent that the defendants had the right of possession of this roof, and that the evidence offered upon the part of the plaintiff showed that they exercised dominion over the sign in question, which was upon part of the roof to which they had right of possession, by altering its position and extending the same. It would seem that, in consequence of the negligent way in which this work was done, the sign was blown down, and the accident happened, and the jury had a right from the evidence so to find.

When this case was before the court of appeals, the court held that, by the instrument in writing under which the defendants acted, there being no proof then of this alteration of the sign, the admission in the pleadings was qualified. The instrument in question having been offered in evidence by the plaintiff, its terms controlled in the construction of the rights which the defendants had in respect to the roof, and the court held that under that paper they were mere licensees, and had no estate or interest in any portion of the premises. With that paper absent from the record, as already stated, we must take the admissions in the pleadings that the defendants were lessees of this roof, and consequently had the right of possession, which right the evidence shows that they were exercising in reference to the sign in question.

It is further urged, as an objection to the recovery, that, under the allegations of the complaint, the plaintiff should not have been permitted to prove those things which he claimed 'the defendants did in connection with this sign,—removing its fastenings, changing its position, and building an extension; that the negligence alleged in the complaint was that the sign had been permitted to be and became out of repair, rotten, dilapidated, and unsafe, so that the whole sign and its appurtenances were dangerous to human life and limb. It is true the complaint contains these allegations, but it also contains other allegations showing additional grounds of negligence. It is alleged that this signboard was negligently constructed, maintained, and used at the time of the occupation of the roof of said building, and that the same was negligently and improperly fastened to the roof of said building. Here was clearly an allegation of negligence in maintenance, and negligence in using while the sign was negligently and improperly fastened to the roof of the building. The jury could find from the evidence that the defendants had permitted

the sign to remain upon the building improperly fastened, and as to a portion of it, at least, that it had been improperly constructed by them. Under these circumstances, it seems to us that the allega- tions of the complaint were sufficiently broad to show the acts of dominion which the defendants exercised over the sign, that they were in fact maintaining it, that they permitted it to be improperly fastened, and as to some portions of it that it was negligently constructed because of such improper fastening. The case, therefore, as now presented to the court, is the case of a lessee of the roof of this building maintaining, using, and partially constructing a sign in so negligent a manner that the accident in question happened and the plaintiff was injured.

Upon the question as to the verdict being against the weight of evidence, we see no reason for disturbing the verdict of the jury.

We think that there was no variance between the allegations of the complaint and the proof, and that the judgment and order appealed from should be affirmed, with costs. All concur.