(71 Misc. Rep. 134.)

FEDER v. FRIEDMAN et al.

(Supreme Court, Appellate Term. February, 1911.)

MUNICIPAL CORPORATIONS (§ 817*)—EVIDENCE—PRESUMPTIONS.

    The fact that one walking in front of a building was struck by defendants' sign, which fell from the fifth story, raises a presumption of negligence on the part of defendants, making a question of fact for the jury.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1725; Dec. Dig. § 817.*]

Appeal from City Court of New York, Trial Term.

Action by Hyman Feder, an infant, by Rachel Feder, his guardian ad litem, against Louis Friedman and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Adlerman & Adlerman, for appellant.
Joseph Bernstein, for respondents.

SEABURY, J. The plaintiff sued to recover damages for personal injuries. While walking in front of No. 654 Broadway, New York City, the plaintiff was struck on the head by a sign belonging to the defendants, which fell from the fifth floor of that building. These facts, in addition to the injuries which the plaintiff sustained, were sufficiently proved by the plaintiff at the trial. At the close of the case the court dismissed the complaint. From the judgment entered upon that dismissal, the plaintiff appeals to this court.

Upon the facts proved, the case called for the application of the doctrine of res ipsa loquitur, and it was error to dismiss the complaint. Morris v. Strobel & Wilkin Company, 81 Hun, 1, 30 N. Y. Supp. 571; McNulty v. Ludwig Co., 125 App. Div. 291, 109 N. Y. Supp. 703; Reynolds v. Van Buren, 10 Misc. Rep. 703, 31 N. Y. Supp. 827; Id., 51 App. Div. 632, 64 N. Y. Supp. 724; Id., 155 N. Y. 120,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

49 N. E. 763, 42 L. R. A. 129. Whether or not the defendants had been guilty of negligence was, under the evidence, a question of fact for the jury to determine.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.