"If the defendant is an infant, and has put in a general answer by his guardian, or if any of the defendants are absentees, the order of reference shall also direct the person to whom it is referred to take proof of the facts and circumstances stated in the complaint, and to examine the plaintiff or his agent, on oath, as to any payments which have been made, and to compute the amount due on the mortgage, preparatory to the application for judgment of foreclosure and sale."

This rule does not purport to relate in any way to a trial by the court where issues arise upon the pleadings in the action. Nor do we think that it should be held by implication to apply to such a situation as is now presented before us. Here the plaintiff in the action at the time of the trial was the executor of the original plaintiff, who had died, and he was not substituted as plaintiff in place of the decedent until the action was at issue. There was nothing to indicate that this substituted plaintiff had any knowledge whatever in regard to the bond and mortgage, or of any possible payment thereof. The original plaintiff had died, and he surely could not be examined on the subject-matter. If anything could be disclosed by an examination of the original mortgagees, they could have been produced by the defendant at the trial. The plaintiff here had done all that he was required to do by any rule of law to put the defendants upon their proof of the affirmative defense of payment.

The judgment should be affirmed, with costs. All concur.

---

REID v. NEW YORK & N. J. TELEPHONE CO.

(Supreme Court, Appellate Division, Second Department. May 29, 1912.)

1. TELEGRAPHS AND TELEPHONES (§ 20*)—ABANDONED EQUIPMENT—INJURIES TO CHILDREN—EVIDENCE.

In an action for injuries to a child by being struck by the fall of an abandoned telephone insulator, evidence *held* to justify a finding that the insulator belonged to defendant, that it was negligent in failing to either remove or inspect the same, and that the accident was one for which defendant was liable.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 13; Dec. Dig. § 20.*]

2. DAMAGES (§ 132*)—EXCESSIVENESS—PERSONAL INJURIES.

Plaintiff, a boy between three and four years of age, while playing near a building, was struck by the fall of an abandoned telephone insulator. It fell in such a manner that a screw struck plaintiff on the head, penetrated his skull, and injured some of the brain coverings. There was uncontradicted medical evidence that plaintiff had developed epilepsy as the result of the injury, which he might outgrow, but which was very likely to affect him for the rest or a large part of his life. *Held*, that a verdict awarding plaintiff a recovery of $5,144.15 was not excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. § 132.*]

Appeal from Trial Term, Kings County.

Action by Miles Reid, an infant, by Patrick Reid, his guardian ad litem, against the New York & New Jersey Telephone Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and THOMAS, CARR, WOOD-
WARD, and RICH, JJ.

Alexander Cameron, of New York City (B. F. Briggs and Freder-
ick Allis, both of New York City, on the brief), for appellant.

Ellis L. Aldrich, of New York City, for respondent.

CARR, J.  The plaintiff, an infant under the age of ten years, has
recovered a judgment against the defendant for the sum of $5,144.15
for damages arising from a personal injury sustained by the plaintiff
through the alleged negligence of the defendant.  The action was tried
in Kings county in October, 1911, and the jury rendered a verdict
of $5,000 in favor of the plaintiff.  The case is a very exceptional
one in its facts.  When the accident happened, on November 13, 1907,
the plaintiff was a small boy between three and four years of age.  He
was playing in the rear yard of a building known as No. 524 Marcy
avenue, in the borough of Brooklyn, where he resided with his father.
This building was situated on the corner of Marcy avenue and Floyd
street, and the yard ran along Floyd street, being separated from the
street by a board fence.  Abutting the rear of this yard there was
a one-story frame building with an entrance from Floyd street, which
had been occupied previously as a florist's shop.  One side of this build-
ing ran along the rear of the yard in which the plaintiff was playing.
On May 27, 1903, the defendant installed a telephone in this building,
and as part of the mechanism of installation it put on the outside of
said building several porcelain insulators, on which the wires used
for the telephone service were strung.  These insulators were affixed
to the side of the building by screws and projected outward from
the side of the building for a few inches above the land which formed
the yard of the Marcy avenue property.  On November 28, 1906, the
telephone service to the florist's shop was discontinued, as the con-
tract had expired, and the defendant thereupon disconnected the wires
used for telephone service, but failed to remove the insulators which
had been affixed to the side of the building, leaving one of them ap-
parently screwed to the side of the wall of the florist's shop.  When
it discontinued its telephone service, it appeared to abandon all in-
terest in the further existence of these insulators.  On the day of
the accident in question, this infant, while playing in the back yard of
his residence, near the wall of the former florist's shop, was struck by
one of these insulators, which in some way became loose from the side
of that structure and fell upon the boy's head.  It happened that the
plaintiff was struck by a screw attached to the insulator, and it pene-
trated his skull and injured some of his brain coverings.  The boy
screamed, and his mother, who was near by, heard the scream and
ran out to him.  She found him with the insulator on his head and
the screw thereof struck into the bony structure of the skull.  She
separated the article from the head of the boy and preserved it, and
it appeared as an exhibit on the trial of this action.

[1] The questions seriously litigated at the trial were: First, wheth-
er the insulator which caused the injury was one which had been
used by the defendant for the installation of its telephone service at

the place in question; second, whether there was any proof of negligence on the part of the defendant, either in the affixing of the insulator or in failing to remove it when the telephone service was disconnected. The jury found against the defendant on the first question, and, although a large number of witnesses were produced by the defendant to disown any connection between the defendant and the insulator in question, the evidence was such that the jury was entitled to find in favor of the plaintiff on this point. We think its finding of negligence against the defendant on the second point was wholly justifiable. The simple question involved was whether the abandoning of the insulators, so that the defendant no longer exercised any care in regard to them by way of inspection or otherwise, was such an act of ordinary care and prudence as should exonerate the defendant from any liability for future results that might happen in the course of time. When this insulator was in use, it was presumably looked at from time to time, and in that way inspected and taken care of. When it was abandoned, there was no probability of such care and inspection. There was nothing to prevent the telephone company from removing this insulator when it disconnected its telephone service. It would have been at least a matter of a minute or so. It should seem reasonably clear that it might well be anticipated that the article in question might at any time become loosened on the side of the wall and fall. Should a man of ordinary care and prudence be bound to anticipate the likelihood of such an occurrence? It seems to us that this was a question for the jury, and that the jury's verdict on this point against the defendant was reasonable. The occurrence of the accident in question was of such an extraordinary character that perhaps the defendant might not be chargeable with the duty to anticipate just such a completed happening as this; but the precise character of the accident is not a matter of controlling importance, for so many strange things happen in life that, if we were to be exonerated from liability for our acts because of the novelty of the result, the measure of liability would be very largely restricted. What was strange was, not that the insulator should fall, but that it should fall in such manner as to strike with the screw.

[2] The damages are high if the injury to the boy was simply temporary; but there is medical evidence, which is uncontradicted, to the effect that the boy has developed, as a result of this injury, epileptic trouble, which perhaps he may outgrow, but which is very likely to bother him for the rest or a large part of his days.

The judgment and order should be affirmed, with costs. All concur.