CHARLES S. EARLEY, JR., by CHARLES S. EARLEY, His Guardian ad Litem, Respondent, *v.* NEW YORK TELEPHONE COMPANY, Appellant.

(Argued January 11, 1934; decided February 27, 1934.)

*Irving W. Young, Jr., N. H. Egleston, Edward F. Snydstrup* and *Charles T. Russell* for appellant. The judgment cannot be sustained under the doctrine of attractive nuisance. (*Walsh* v. *Fitchburg R. R. Co.*, 145 N. Y. 301; *Mendelowitz* v. *Neisner*, 258 N. Y. 181; *O'Callaghan* v. *Commonwealth E. Corp.*, 247 N. Y. 127.) The pole was a lawful structure, neither inherently dangerous nor leading to an inherently dangerous appliance or object. (*Fitzgerald* v. *Rodgers*, 58 App. Div. 298; *Braun* v. *Buffalo General Electric Co.*, 200 N. Y. 484; *Freeman* v. *Brooklyn Heights R. R. Co.*, 54 App. Div. 596; *Robertson* v. *Rockland L. & P. Co.*, 187 App. Div. 720; *O'Callaghan* v. *Commonwealth E. Corp.*, 247 N. Y. 127; *Parkes* v. *New York Tel. Co.*, 120 Misc. Rep. 459; 207 App. Div. 869.) The old pole did not constitute a nuisance. (*Robertson* v. *Rockland L. & P. Co.*, 187 App. Div. 720; *Robert* v. *Powell*, 168 N. Y. 411; *Bailey* v. *Bell Tel. Co.*, 147 App. Div. 224.)

*Carl K. Mengel, George A. Conroy* and *Denis Mulligan* for respondent. The wire dangling from the pole constituted a nuisance. (*Mendelowitz* v. *Neisner*, 258 N. Y. 181; *Walsh* v. *Fitchburg R. R. Co.*, 145 N. Y. 301; *Braun* v. *Buffalo General Electric Co.*, 200 N. Y. 484; *Kunz* v. *City of Troy*, 104 N. Y. 344; *Parnell* v. *Holland Furnace Co.*, 234 App. Div. 567; 260 N. Y. 604; *Johnson* v. *City of New York*, 208 N. Y. 77.)

CRANE, J. The defendant telephone company in 1929 erected and maintained poles to carry its wires on the west side of One Hundred and Tenth street, between Ninety-fifth avenue and Jerome avenue, Richmond Hill, Queens county, New York city. At about this time the company was erecting a new pole and in the process of

making the change, the two poles, old and new, were standing in the street about three feet apart. Some of the wires had been shifted from the old pole to the new pole, but the old pole had not yet been taken down. A loose dead telephone wire was left dangling down from the cross-bar to within four or four and one-half feet of the sidewalk. It was harmless, could injure nobody and in no way interfered with the use of the street. It was not dangerous to anybody. The boys playing upon the street, however, found this wire a source of some amusement. They grabbed hold of it and tried to climb the pole.

On the 11th day of September, 1929, the plaintiff, a young boy about eleven years of age, started to go up the wire hand over hand, slipped off and was hurt, and he says the telephone company is to blame for it. The courts below have thought so too, because a judgment in his favor for $1,500 has been recovered and affirmed. We do not share this opinion.

The plaintiff says that he went up the wire hand over hand to the height of about fifteen feet, when he tried to put his foot upon a spike on the pole, which gave way, and he fell. The whole question is this: Could the company, lawfully using the streets in changing its poles and doing work upon them, reasonably anticipate that by a wire or a rope hanging down loosely from the cross-bar children in the neighborhood could or would be injured? The wire did not fall on anybody, was not charged with electricity; it was just like an ordinary painter's rope hanging down from a scaffold or from any other contrivance used by working men. Touching it, handling it, striking it would be harmless. Neither was it incumbering the sidewalk or interfering with travel. True, the wire had been there for some time, children had been playing upon it, and the company had been notified, but we think it is carrying the liability toward children in the streets entirely too far to say that the company in this instance in the exercise of care could have foreseen

that boys would try to climb the wire and fall off. That the wire was a danger or a dangerous contrivance or might do harm to people in the street was not reasonably foreseeable.

With equal reason it might be said that the old pole should have been taken down, not left standing in the street for fear boys would climb it. If it had remained so long as to really be a nuisance, even then the company would not be liable to boys who fell off trying to climb it. Of course there would be liability if such a pole or wire fell and injured anybody. Many things are in the street which may be dangerous to children if they attempt to play in and about them, yet there is no liability unless the person who put them there had reason to know and anticipate danger arising therefrom. (*O'Callaghan* v. *Commonwealth Engineering Corp.*, 247 N. Y. 127; *Johnson* v. *City of New York*, 208 N. Y. 77.)

The plaintiff introduced evidence that the old pole was rotting at the bottom, but no one claimed that this had anything to do with the accident.

For these reasons we conclude that the judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

POUND, Ch. J., LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not voting.

Judgments reversed, etc.