ANNA T. HAVERSTICK, Appellant, *v.* CLARENCE HANSEN & SONS, INC., Respondent.

Argued January 12, 1938; decided March 8, 1938.

*Harry A. Gordon, Eric C. Gordon* and *Joseph V. O'Leary* for appellant. The action is predicated on defendant's malfeasance, resulting in a dangerous condition causing plaintiff's injury; the contractual relation of the parties and questions of control of the premises at the time of the accident are incidental and not determinative matters, and the jury resolved the issue as to plaintiff's alleged contributory negligence in her favor. (*Kilmer* v. *White*, 254 N. Y. 64; *Clemens* v. *Benzinger*, 211 App. Div. 586; *Dollard* v. *Roberts*, 130 N. Y. 269; *Kaufman* v. *Abrahamson & Co.*, 248 App. Div. 628; *Scott* v. *Shepherd*, 2 W. Black. 892; *Devlin* v. *Smith*, 89 N. Y. 470; *MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382; *Serano* v. *N. Y. C. & H. R. R. R. Co.*, 188 N. Y. 156.)

*Frederick Mellor* for respondent. Plaintiff failed to prove a cause of action against the defendant. (*Digelormo* v. *Weil*, 260 N. Y. 192; *Kilmer* v. *White*, 254 N. Y. 64; *Lotocka* v. *Elevator Supplies Co.*, 246 N. Y. 295; *Cullings* v. *Goetz*, 256 N. Y. 287; *Potter* v. *N. Y., O. & W. Ry. Co.*, 261 N. Y. 489.) Plaintiff's sister was in entire charge of the house on the day of the accident. She was, therefore, the agent of the plaintiff, and notice to her of the defective condition of the grating was notice to the

plaintiff. (*Ford* v. *Grand Union Co.*, 268 N. Y. 243; *Hurley* v. *John Hancock Mut. Life Ins. Co.*, 247 App. Div. 547; *Hyatt* v. *Clark*, 118 N. Y. 563; *Storm* v. *New York Tel. Co.*, 270 N. Y. 103; *Koslovki* v. *International Heater Co.*, 75 App. Div. 60; 178 N. Y. 631; *Nalli* v. *Peters*, 241 N. Y. 177.) The defendant was not bound to anticipate any danger to the plaintiff from the condition. (*Van Leet* v. *Kilmer*, 252 N. Y. 454; *Tyman* v. *M. L. S. Constr. Co.*, 262 N. Y. 161; *Earley* v. *New York Tel. Co.*, 263 N. Y. 424.)

CRANE, Ch. J. The plaintiff at the times herein mentioned was the owner of a private house, No. 143 Hancock street, in the borough of Brooklyn, city of New York. Her father, an old gentleman eighty-six years of age, lived with her, as did her two sisters, one a school teacher and the other a nurse. Between them they provided a home for the father and themselves. The plaintiff was a costume director in the theatrical trade, earning on an average seventy-five dollars a week.

The defendant is a domestic corporation engaged in the roofing business. On September 26, 1934, it entered into a contract with the plaintiff to make repairs and replacements to the roof of this house in Hancock street. Like so many of our city homes, this is a stone house, bay windowed, with high stoop leading to the parlor floor and an iron gate opening under the stoop onto the dining-room or basement floor. Beneath this basement floor is the cellar. In the courtyard outside the dining-room windows is and was an iron grating which lifted up on hinges so as to rest against the house when open. No doubt this opening was used for dumping coal into the cellar. It was also used as a means of ventilation. A wooden cover was placed over this grating when it was down. The plaintiff, when home, was in the habit of going out early in the morning to lift off this wooden cover so as to air the cellar.

The defendant's servants, in the course of their work, rigged up a hoist to raise material from the street to the roof, and in doing so dropped a bucket or some heavy object onto the grating, breaking the hinge or fastening which secured it to the stone sides. In this condition the grating became a dangerous trap to any one who might happen to step upon it, as it would be likely to give way and land the person in the cellar. This is what did happen. The plaintiff was away when the grating was broken and did not return home until late at night. The next morning she went out as usual to lift off the cover; she stepped on the grating; it tipped up and she fell through the opening to the floor below, sustaining severe injuries. The defendant knew about the broken staples, knew the dangerous condition of the grating, as the plaintiff's sister, who was at home, called the workmen's attention to it, but, instead of making any repairs or providing barriers or warnings, they put the wooden cover over it and left.

A judgment for the plaintiff has been reversed by the Appellate Division on the law alone. Having found all these facts in the plaintiff's favor it held that no cause of action existed at law because the defendant was not in possession of the real property at the time of the accident, although its men had been working there a few days before. The memorandum decision states: " The inferences to be drawn from the facts established were within the province of the jury, and clearly the jury, under the proof here, was justified in finding that the iron grating was broken by the defendant's employees. The defendant, however, having finished its work and left the premises at least two days before the accident, is not liable in tort where it is not in occupation or control of the property." (250 App. Div. 859.)

This is not a case of passive negligence where an owner or lessee of property fails to repair or maintains it in a

dangerous condition, causing injuries to invitees or licensees. This is a case of active negligence, and it makes no difference where the danger was created provided the person doing the act had reason to foresee that it might or would probably cause harm to others. A stranger who injures real property or lays a trap in it whereby others are hurt is liable for his acts provided a reasonably prudent person would have realized the danger. This is a case where the direct act of negligence caused an injury which any reasonably prudent man should have foreseen, at least the evidence created a question of fact for the jury. The defendant was never in occupation or control of the property; this was always in the plaintiff; the defendant's servants were on the property by invitation and permission of the plaintiff to do work. The work was done in a careless and negligent manner which caused harm to the plaintiff in just the same way, so far as legal consequences go, as if the men had dropped the bucket on the plaintiff's head. The knowledge of the plaintiff's sister of the broken grating was not attributable to the plaintiff; in fact she had not seen her sister from the time she got home the night before until after the accident. (*Dollard* v. *Roberts*, 130 N. Y. 269.)

The judgment of the Appellate Division should be reversed, and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur; LEHMAN and HUBBS, JJ., taking no part.

Judgment accordingly.