ROBERT MCKEEVER, an Infant, by JOSEPH MCKEEVER, His Guardian ad Litem, Respondent, v. NEW YORK TELEPHONE COMPANY, Appellant.— Defendant's lot has a frontage of seventy-five feet on West One Hundred and Seventy-fifth street. Defendant's building is sixty-five feet wide. The remaining ten feet — known as the west court — on the westerly side of defendant's building is a fire exit passageway. To the west of defendant's property is an apartment house. Between the easterly side of the apartment house and the westerly side of defendant's lot there is an areaway five feet below the sidewalk level. Defendant constructed a retaining wall on its own lot, which separated the areaway of the apartment house from the defendant's west court. This wall extends from the floor of the areaway to the level of the west court. On top of the retaining wall defendant also constructed a concrete coping three inches high, upon which it erected a tall wrought iron fence. The apartment house, the areaway and defendant's building all extended out to the building line. At the time defendant improved its property there was a stone coping six inches wide at the sidewalk level of the entrance to the areaway, and upon this coping there was a rail fence with an opening to permit access to the

stairway leading to the areaway. This coping and fence were not built by defendant. Defendant extended the tall wrought iron fence on the top of the retaining wall along the front of its west court. This fence was not flush with defendant's building but two feet, eight inches back of the building line. The location of defendant's fence and the manner in which it was constructed left an unguarded opening approximately three feet in width between defendant's fence and the rail fence in front of the areaway. Plaintiff, an infant three years old, was riding his tricycle back and forth on the sidewalk in front of defendant's building. As he was proceeding in a westerly direction he rode over the three-inch concrete coping and fell through the opening into the areaway, and was injured. He obtained a verdict for $2,000, upon which judgment was entered, and defendant appeals. Even though the area caused by the erection of the fence two feet and eight inches back of the building line was part of defendant's property, as it was level with the sidewalk and of the same concrete construction and there was no line of demarcation, it was part of the sidewalk open to the traveling public and so used by it. The unguarded opening, therefore, was in the nature of a trap created by defendant and a danger to those who, like plaintiff, were lawfully using the sidewalk. (*Lessin* v. *Board of Education*, 247 N. Y. 503; *Sears* v. *Merrick*, 175 Mass. 25; 55 N. E. 476; *Rachmel* v. *Clark*, 205 Penn. St. 314; 54 A. 1027.) Defendant having created this condition is not to be absolved from liability because it existed for a long period of time without any one being injured. Defendant's negligence caused plaintiff's injury, which a reasonably prudent man should have foreseen; at least the evidence created a question of fact for the jury. (*Haverstick* v. *Hansen & Sons, Inc.*, 277 N. Y. 158; *Reid* v. *New York & New Jersey Telephone Co.*, 151 App. Div. 96.) Judgment of the County Court of Westchester county affirmed, with costs. Davis, Johnston and Taylor, JJ., concur; Lazansky, P. J., and Adel, J., dissent and vote to reverse and to dismiss the complaint, with the following memorandum: A trap, if any, was not created by the defendant; and furthermore, the defendant was not bound to anticipate that the infant plaintiff would be injured by the construction of its retaining wall and coping. (*Earley* v. *New York Telephone Co.*, 263 N. Y. 424.) This seems particularly so where there is no evidence of prior accidents during twenty years' existence of the structure.