MARILYN GENDELL, an Infant, by IRVING GENDELL, Her Guardian ad Litem, Appellant, v. MANUFACTURERS TRUST COMPANY, Respondent. IRVING GENDELL, Appellant, v. MANUFACTURERS TRUST COMPANY, Respondent.— In these actions to recover damages for personal injuries claimed to have been sustained by the infant plaintiff as the result of falling down an open stairway leading from the public sidewalk to a passageway which extends to the rear of the defendant's building, on the theory of nuisance; and by her father to recover moneys expended in medical care of the infant plaintiff and for loss of services, judgments of the County Court, Westchester county, dismissing the complaints on the merits reversed on the law and a new trial ordered, with costs to appellants to abide the event. Whether or not the stairway constituted a nuisance was a question of fact for the jury to determine, under the circumstances. The stairway was beyond the line on which the building was constructed and extended for a distance of approximately two feet to the property line and thus was within the area used by the public for sidewalk purposes. It was error, therefore, for the court to charge that there was nothing to show that there was anything maintained by the defendant on the public sidewalk. Furthermore, the court indicated that the sidewalk only extended to the property line, rather than to the building itself, which was the fact. The top of the stairway having been erected in an area used for sidewalk purposes, it was for the jury to say whether or not the duty owing by the defendant to protect the public from injury, in the light of all the circumstances, had been fulfilled. (McKeever v. New York Telephone Co., 254 App. Div. 872; affd., 279 N. Y. 651; Lessin v. Board of Education, 247 id. 503.) Hagarty, Johnston and Close, JJ., concur; Davis and Adel, JJ., dissent and vote to affirm the judgments.

G & G WHOLESALE GROCERS, INC., Respondent, v. THREE G WHOLESALE GROCERS, INC., Appellant.— In an action to restrain defendant · from acts of unfair competition in conducting its business in such a manner as to deceive the public because of its imitation of plaintiff's name and advertising, judgment, as resettled, unanimously affirmed, with costs. The facts warrant the conclusion that the defendant attempted to and did represent his wares as those of plaintiff. (Neva-Wet Corp. v. Never Wet Processing Corp., 277 N. Y. 163, 168; Cash, Inc., v. Steinbook, 220 App. Div. 569.) The contract conferred no right upon the retiring partner to deceive the public by simulating plaintiff's name and style of doing business, and, even if it did, such a provision would be void as against public policy. We have examined the judgment roll and particularly the original judgment, defendant's notice of motion for resettlement and affidavit and memorandum in support thereof, which are not printed in the record, and find that it was defendant who objected to an injunction restraining the use of the words " Three G Wholesale Grocers, Inc.," and procured resettlement of the judgment in its present form on the ground that it was entitled to use the words " Three " and " Wholesale Grocers." It may not, therefore, complain of the form and scope of the judgment, as resettled. Present — Hagarty, Carswell, Davis, Adel and Close, JJ.