NICOLO RI CAPITO, as Guardian ad Litem of ANGELO RI CAPITO, an Infant, and NICOLO RI CAPITO, Respondents, *v.* HYMAN LIFSCHITZ, as Executor, etc., of JACOB B. COHEN, Deceased, Appellant.

Second Department, January 29, 1940.

*Irving I. Goldsmith* [*Monroe Collenburg* with him on the brief], for the appellant.

*Charles I. Sterling* [*Leo E. Falkin* with him on the brief], for the respondents.

PER CURIAM. In the action of the infant plaintiff damages were sought for personal injuries sustained when a wooden garage door fell on him; and his father sued to recover for expenses incurred.

In view of the fact that the defective track which caused the garage door to come down was not within the exclusive possession of the tenant who rented the garage, the authority of *Cullings* v. *Goetz* (256 N. Y. 287) is inapplicable, and liability on the part of the landlord existed despite the letting. Even though this was not the wrong which resulted in the injury and the proximate cause of the injury was the negligent manner in which the door had been placed after it had come down, the proof justified a finding by the jury that, after the door had been placed against the barn by the tenant, and prior to the accident, defendant's testator himself handled or shook the door. It was he who was the last wrongdoer in this respect, as his was the duty, under the circumstances, of placing the door in a safe position. (*Kilmer* v. *White*, 254 N. Y. 64, 72.) The ten-foot strip in front of the barn was used as part of the common right of way, apparently with the acquiescence of the defendant's testator, and, as to this four-and-a-half-year-old boy, the negligent placing of the door constituted a hazard or a condition for which the owner was liable. (*McKeever* v. *New York Telephone Co.*, 254 App. Div. 872; affd., 279 N. Y. 651; *Danna* v. *Staten Island Rapid Transit R. Co.*, 252 App. Div. 776; affd., 277 N. Y. 714; *Lessin* v. *Board of Education*, 247 id. 503, 508.) In any event, there was a sufficient basis for a finding by the jury that the accident occurred on the common right of way.

The judgment should be affirmed, with costs.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, ADEL and TAYLOR, JJ.

Judgment of the County Court of Westchester county unanimously affirmed, with costs.