ETTA McCUE et al., Respondents, v. BEDRICH CORPORATION et al., Appellants.

Supreme Court, Appellate Term, Second Department, November 30, 1943.

*Arthur E. Brennan* and *John W. Trapp* for Bedrich Corporation, appellant.

*Sherman Koenig* for The Great Atlantic & Pacific Tea Company, appellant.

*Peter Gluck* for respondents.

MEMORANDUM *Per Curiam.* Judgment in favor of plaintiffs against defendant The Great Atlantic & Pacific Tea Company affirmed, with twenty-five dollars costs. Judgment in favor of plaintiffs against defendant Bedrich Corporation reversed upon the law, with thirty dollars costs to that defendant, and complaint dismissed with appropriate costs in the court below. Judgment dismissing the cross complaint of defendant The Great Atlantic & Pacific Tea Company affirmed, without costs.*

Plaintiff, a business invitee of the defendant The Great Atlantic & Pacific Tea Company, while leaving the store occupied

---

* The Supreme Court, Appellate Term, Second Department, on December 13, 1943, made the following decision in this case: " The order heretofore entered on the 30th day of November, 1943, is resettled to read as follows: ' It is hereby ordered and adjudged that the judgment of the City Court so appealed from be, and the same is, hereby affirmed, and that the plaintiffs recover of the defendant The Great Atlantic & Pacific Tea Company costs of this appeal. Judgment in favor of the plaintiffs against the defendant Bedrich Corporation reversed upon the law, with costs to that defendant, and complaint dismissed with appropriate costs in the court below. Judgment dismissing the cross complaint of defendant The Great Atlantic & Pacific Tea Company affirmed, without costs. MACCRATE, J., dissents.

by said defendant and owned by defendant Bedrich Corporation, sustained injuries when her foot caught in a hole or break in the pavement situated about one foot from the doors leading into and from the store. The situs of the accident is at a point midway between the doors and the window or building line. This partly enclosed area is not a part of the sidewalk proper but is used only as a means of ingress to and egress from the store. It is within the building line and must be deemed part of the premises leased and over which the tenant alone exercised control. Defendant Bedrich Corporation, as the landlord out of possession, was under no duty to the injured plaintiff to maintain that portion of the premises. (*Cullings* v. *Goetz*, 256 N. Y. 287.)

Present — MacCrate, McCooey and Steinbrink, JJ.; MacCrate, J., dissents in memorandum as to dismissal of complaint as to defendant Bedrich Corporation.

MacCrate, J. (dissenting). I dissent insofar as the complaint against the owner is dismissed. The parties are in agreement that the store was but part of the premises owned by the lessor. If plaintiff wife was, at the time of the accident, one of the traveling public, the owner violated the duty it owed to her of using reasonable care to see that no harm came to her because of disrepair at the place of accident. The lease was of a store to be built. The tenant agreed to make interior repairs to the demised premises. The landlord agreed to make all others. The place in the lease where the store is mentioned, taken in connection with the measurements set forth and the agreement for repairs, shows that the parties considered the store to be the premises within which the tenant, and outside of which the landlord, had agreed to make repairs. The tenant, only after notice and giving the landlord a reasonable time to make repairs, could make them and deduct the costs from the rent " without liability or forfeiture of its term." That was a retention of duty and a right of entry by the lessor which kept intact the duty to the public existing by virtue of ownership. The lease did not create but only preserved the duty for breach of which the injured plaintiff has a claim if in fact she was on the highway. (*Appell* v. *Muller*, 262 N. Y. 278; *Gendell* v. *Manufacturers Trust Co.*, 256 App. Div. 950.) The parties surely did not contemplate that all front brick, et cetera, save those beginning at the two-foot inset should be repaired by the landlord. Below it was the owner's contention it had no right of entry to repair.

The jury could have found that the sidewalk and the area of entrance to the store were on the same level; that the doors were

set in about two feet from the building line; that the hole was about one foot from the door and had a width of about one and one-half feet; that plaintiff took one step outside of the door when her foot caught. The jury saw the plaintiff and could judge the distance a step took her. From the fact she fell forward the jury could say she went down on the sidewalk and could have found that her free foot was on or above the sidewalk when she was caused to fall by the catching of her other foot at a point close to the sidewalk proper. Astride the lot line this plaintiff was both pedestrian and business visitor. The tenant could not escape liability for failure to warn her of a known danger on an appurtenance of the premises simply because the landlord and the tenant had agreed the tenant must await a reasonable time for the landlord to act before the tenant could repair at the landlord's cost. During such waiting time the tenant could not invite people to use the appurtenance without liability for failure to warn of danger. That duty to warn was independent of any duty the landlord owed to the traveling public. It could not be satisfied by a request to the landlord to repair — and there was none here. The dismissal of the cross complaint was, therefore, proper.