JACK SOTTILE, Plaintiff, v. DAVID REDNICK, Defendant and Third-Party Plaintiff. FRANK TANTILLO, Doing Business under the Name of HARTLEY PARK MARKET, Third-Party Defendant.

Supreme Court, Bronx County, November 5, 1953.

84

*Philip Roth* for plaintiff.

*Martin A. Crean* for defendant and third-party plaintiff.

*Joseph P. Lombardi* for third-party defendant.

Louis Susman, Special Referee. Plaintiff sues the defendant to recover damages for injuries claimed to have been sustained by him as a result of the fall of a screen weighing more than four pounds which was outside a transom above the door of a shop at No. 206 Gramatan Avenue, Mt. Vernon, New York. Defendant was one of the owners of the building. The shop was leased to one Tantillo, whom the defendant impleaded and against whom he served a third-party complaint, under section 193-a of the Civil Practice Act, to which an answer was interposed. The lease thereof provides that the tenant (Tantillo) should make all repairs to the premises, except structural ones, and certain others with which it is now unnecessary to deal. At the time the injuries were sustained by plaintiff he was entering Tantillo's shop in connection with some business with him. The door to the shop was reached by a " vestibule ", as the witnesses described it, which ran for a short distance from the building line of the property to the door and was not part of the sidewalk proper, and was used as a means of ingress into and egress from the store. The screen was for the benefit of Tantillo who conducted a butcher shop, and was a means of keeping flies out. It was there when the store was rented, and had been there for more than eight years, during all of which time Tantillo was in occupancy. It is my opinion that the doctrine of *res ipsa loquitur* applies, especially since no explanation was offered to show why the screen happened to fall. (*McNulty* v. *Ludwig & Co.* 125 App. Div. 291; 153 App. Div. 206; *Feder* v.

*Friedman,* 71 Misc. 134; *Dittiger* v. *Isal Realty Corp.,* 290 N. Y. 492.) I believe that the screen outside the transom above the door was under the control of Tantillo and that the defendant cannot be held liable for plaintiff's injuries. (*McCue* v. *Bedrich Corp.,* 181 Misc. 177; *Zolla* v. *Young Women's Christian Assn.,* 250 App. Div. 139; *Kane* v. *Williams,* 140 App. Div. 858.) It is to be noted that Tantillo was not joined with the owner as a party defendant, but is in the case only as a result of having been impleaded. Under such circumstances, as no judgment is rendered against the owner, there can be no judgment in plaintiff's favor against Tantillo, since a recovery against the original defendant is a prerequisite to recovery against an impleaded one (*Kalkin* v. *Marken,* 87 N. Y. S. 2d 839; *Gomer* v. *Cypress Cab Corp.,* 116 N. Y. S. 2d 773; Twelfth Annual Report of N. Y. Judicial Council, 1946 p. 208). There must, therefore, be judgment dismissing the plaintiff's complaint against the defendant, upon the merits, and dismissing defendant's cross complaint against Tantillo. Exception to the plaintiff. Thirty days' stay of execution; sixty days to make a case.