John F. Scileppi, J.
Motion for a new trial, or in the alternative to suspend the entry of judgment, pursuant to section 550 of the Civil Practice Act.
At the opening of the trial of this negligence action the court directed that the issue of liability be tried first without medical proof as to the extent of plaintiff’s injuries and after the jury had rendered its verdict on the question of liability, if it was in favor of the plaintiff, the expert testimony of the physicians could then be received and considered by the jury in fixing the amount of damages. If the jury’s verdict was for the defendant on the question of liability, it would, of course, be unnecessary to consider medical proof, thus saving a day or two of the time of court, counsel, jury, medical witnesses and other personnel, as well as the expense to both litigants of bringing medical experts to court.
*216 This procedure was ordered by the court on the authority of subdivision 3 of section 443 of the Civil Practice Act which reads as follows: ‘‘ The court, in its discretion, may order one or more issues to be separately tried prior to any trial of the other issues in the case.”
Counsel for the plaintiff objected to this procedure and refused to proceed to trial, whereupon the court dismissed the complaint in order to permit the issue to be presented in clearcut fashion to an appellate court. Plaintiff’s counsel has now moved for reconsideration by the court of the procedure directed herein, or, in the alternative, for a stay of judgment pending appeal. The latter branch of the motion is granted and entry of judgment will be stayed pending an appeal.
It might not be amiss to set forth briefly the reasons which impelled the court to order the procedure herein directed. Calendar congestion has reached such proportions that it has become a subject of concern not only to the Bench and Bar, but to the public generally who in the last analysis are the primary victims of court delay. In some counties the jury tort calendar is now three to four years behind. This delay is caused by increased litigation resulting from the large growth in population and the greater number of mechanical devices, such as automobiles, now in use with their ever present possibility of causing injuries and damage.
Even in a comparatively short negligence action, the medical testimony often consumes a full day of the court’s time; in longer actions, it may consume two, three or more days. Trying the issue of liability separately will result in a considerable savings of time and expense with no detriment to the litigants.
It was not the court’s purpose to exclude from this trial of the question of liability all testimony of the injuries sustained, but only that of the medical experts. The plaintiff, himself, would be permitted to state in layman’s language the injuries he suffered, thus enabling the jury to have a fair idea of the importance to the plaintiff of this litigation. More than this a plaintiff cannot ask since the jury is instructed not to base its verdict on either sympathy or bias.
While it is true that a separate trial of one issue in a case has in the past been generally limited to issues which are in the nature of a plea in bar, such as release, res judicata, etc. (Smith v. Western Pacific Ry. Co., 144 App. Div. 180, affd. 203 N. Y. 499), on the other hand it has been the glory of the common law that it is not static but dynamic and capable of adapting itself to changing times and economic conditions. The present calendar congestion appears to present a sufficient reason for *217 the court ‘‘ in its discretion ’’ to order the separate trial of the issue of liability (Civ. Prac. Act, § 443).
The motion for reconsideration is granted but the court adheres to its original decision and denies plaintiff’s motion for a new trial but a stay of entry of judgment is granted pending an appeal herein.
Submit order.