Benjamih Brenner., J.
Plaintiff moves for a preference under rule 7 of the Kings County Supreme Court Trial Term Rules after placing this action on the jury Trial Term Calendar. Defendant does not oppose the preference but cross-moves to transfer the action from the jury Trial Term Calendar to the Special Term Equity Calendar, contending that the complaint sounds in equity. In addition, it cross-moves for an order, pursuant to subdivision 3 of section 443 of the Civil Practice Act, directing that the issue of defendant’s liability be tried prior to trial for the claimed damages.
The complaint states three causes of action and the essential facts as alleged are as follows: That plaintiff devised a formula for a pharmaceutical pill and offered it for manufacture and sale by the defendant for mutual profit; that thereupon a written agreement was executed which provided that the defendant shall examine the formula and consider the possibility of its use for commercial purposes, and if actually used, payment therefor to the plaintiff would be in the sole discretion of the defendant; that the plaintiff then turned his formula over to the defendant who shortly thereafter returned it to plaintiff with notification that it was not interested in its use; that thereafter the defendant did manufacture and sell a pill which was based upon said formula without either obtaining the consent of the plaintiff for its use or making any payment therefor.
The complaint contains three causes of action, the second and third causes, respectively, alleging breach of a written contract and of a contract implied in fact. These latter two causes sound in law though it may well be that the written contract upon which the second cause re,sts may lack the essential element of consideration. Be that as it may, the second two causes may be ignored for the purposes of this motion since the first cause sounds in equity, thus barring a jury trial. This is so because the rule in this State is that where a plaintiff seeks legal and equitable relief in respect of the same wrong in one complaint, his right to a trial by jury is waived (Di Menna v. Cooper & Evans Co., 220 N. Y. 391; Carroll v. Bullock, 207 N. Y. 567; De Ruvo v. Paglia, 283 App. Div. 943; Leav v. Weitzner, 268 App. Div. 466; Auerbach v. Chase Nat. Bank, 251 App. Div. 543).
It is obvious that in his first cause plaintiff relies on a theory of constructive trust to assert a claim against the profits realized by the defendant in the manufacture and sale of its pill. Regardless of the validity of the alleged contract, it is clear that it was mutually abandoned when the formula was returned to and accepted by the plaintiff. However, the defendant thereafter retained knowledge of plaintiff’s formulation which it had
*985 acquired when the parties first dealt at arm’s length. Thus possessed of plaintiff’s secret in which it professed no interest, the defendant acquired the status of a confidante and the plaintiff, no longer dealing at arm’s length, had the right to rely on defendant’s disinterest and expressed intention not to make use of the formula. It may therefore be established that the alleged constructive trust arose during the course of a fiduciary relationship between the parties when the defendant used the formula which had been disclosed to it. (Beatty v. Guggenheim Exploration Co., 225 N. Y. 380; Halper v. Homestead Bldg. & Loan Assn., 59 N. Y. S. 2d 689, affd. 269 App. Div. 1044; Matter of Yasilonis, 204 Misc. 755; Warwick v. De Mayo, 358 Mo. 130; 3 Bogert, Trusts & Trustees, § 482.) The doctrine of constructive trust is an equitable remedy. It is a remedy through which the conscience of equity finds expression (Beatty v. Guggenheim Exploration Co., supra-, Matter of Yasilonis, supra; 3 Bogert, Trusts & Trustees, § 471). Since this particular cause of action sounds in equity (the whole of the complaint suggests unjust enrichment arising from equitable considerations despite allegations of breaches of a written and implied contract) plaintiff has waived his right to a jury trial and the action must be transferred to the Equity Calendar.
In its second cross motion the defendant asserts that to determine the question of damages would require a prolonged trial and its disclosure of costs and profits in the manufacture of said pill, as well as of its trade secrets. The question of liability being in doubt, the motion is directed to the sound discretion of the court (Spencer v. Hunt, 247 App. Div. 503; Schollmeyer v. Sutter, 2 Misc 2d 215, appeal dismissed 3 A D 2d 665). In the exercise of such discretion I find that there is need of a separate trial on the issues raised by the complaint other than those of damages, prior to trial on the issue of damages (Crandall v. Ford Motor Co., 260 App. Div. 380; Schollmeyer v. Sutter, supra). Defendant’s cross motions are accordingly granted.
Settle order on notice.