Anna Berman, Appellant, v. H. J. Enterprises, Inc., et al., Respondents, et al., Defendants.

First Department, May 11, 1961.

*Joseph N. Friedman* of counsel (*Daniel Galinson,* attorney), for appellant.

*Sidney J. Loeb* of counsel (*Emanuel Morgenbesser,* attorney), for H. J. Enterprises, Inc., respondent.

*William F. McNulty* of counsel (*Hampton & Dietel,* attorneys), for George Kremer, Jr., respondent.

EAGER, J.  This is an appeal by the plaintiff from a judgment entered June 14, 1960, upon a verdict of the jury for the defendants upon a trial solely of the issue of liability.  The action was one by plaintiff to recover for personal injuries sustained by her when she allegedly slipped and fell while entering a restaurant operated by the defendant H. J. Enterprises, Inc., as subtenant of the premises.  The defendant, George Kremer, Jr., as trustee, owned the particular premises.  The plaintiff fell at the point of entrance to the restaurant, next to the sidewalk.  She testified that she slipped on the terrazzo floor in the entranceway, and she claims that the cause of her fall was the slippery condition of the floor due to the fact that it was muddy and wet.

Following a conference between the court and counsel, and at the opening of the trial, before the empanelling of the jury, the defendants moved before the trial court for a separate trial of the issue of liability upon the condition that, if the jury finds for the plaintiff, then damages would be assessed either by the court or the court and a jury, whichever the plaintiff elected. The motion was granted over the plaintiff's objection and there-

upon a jury was selected and the trial proceeded. Upon an understanding with the court, the jury was informed that the plaintiff was substantially injured and badly hurt, but the jury was told that "the only issue you are going to determine will be whether there is liability on the part of the defendants or either one of them."

The trial court, at the opening of the trial, did have the power to entertain and to grant, in the exercise of discretion, an application to sever and direct that a separate trial be held first and then and there upon the issue of liability. (Civ. Prac. Act, § 443, subd. 3.) This was not a case where the nature or extent of plaintiff's injuries had an important bearing on the question of liability, and it appears that the plaintiff was not prejudiced by the severance of and the trial first of the issue of liability. This being so, and under the special circumstances here, we would not hold that it was an abuse of discretion for the trial court to direct and proceed with a trial solely upon the issue of liability. (See *Chudyk* v. *5th Ave. Coach Line,* 6 A D 2d 1003; *Mihalchik* v. *Schepis Constr. Co.,* 8 A D 2d 618; *Schollmeyer* v. *Sutter,* 2 Misc 2d 215, appeal dismissed 3 A D 2d 665; *Cincotta* v. *Pfizer & Co.,* 17 Misc 2d 983; *Hosie* v. *Chicago & North Western Ry. Co.,* 282 F. 2d 639; *O'Donnell* v. *Watson Bros. Transp. Co.,* 183 F. Supp. 577.)

The plaintiff, however, was unduly restricted by the trial court in the matter of proof of alleged custom and standard practice with respect to the use of terrazzo floors in entranceways and vestibules where they are likely to become moist and slippery on a rainy day. The plaintiff called an architect who qualified as an expert in the use of terrazzo floors in the construction of buildings. He testified that such floors had a glossy finish and tended to be slippery, particularly when wet. The plaintiff, however, was completely barred by the rulings of the court from establishing a custom and common practice in the use of terrazzo floors. It is plaintiff's claim that her expert would have testified that it was the practice and custom to use protective materials such as mats, sawdust, or wax on such floors when wet. The court, however, specifically directed that plaintiff's counsel should not "mention the common practice"; and that it would not "have any common practice in the profession with respect to such a widely known material as terrazzo". The court was in error. "General usage or custom may be shown in order to establish a standard of construction and equipment. When a question of negligence is involved the general usage or practice is competent to show either ordinary care or the failure to exercise such care". (*Garthe* v. *Ruppert,*

264 N. Y. 290, 296.) '' Such evidence is received for what it is worth in view of all the circumstances of the particular case, and, under proper instruction from the court as to its inconclusive nature ''. (*Shannahan* v. *Empire Eng. Corp.*, 204 N. Y. 543, 550; see, further, *Levine* v. *Blaine Co.*, 273 N. Y. 386; *Ordway* v. *Hilliard*, 266 App. Div. 1056; see also, *Pignatelli* v. *Gimbel Bros.*, 285 App. Div. 625, 626, affd. 309 N. Y. 901, where this court affirmed a judgment recovered by plaintiff against department store owner where she slipped on a wet terrazzo floor, noting that, in support of plaintiff's case, there was, in addition to other evidence, the testimony by an '' expert * * * that a terrazzo floor will become slippery when wet, and that rubber mats are usually employed to overcome that condition ''.)

In view of the foregoing, the position taken by and the rulings of the trial court in connection with the testimony of plaintiff's expert constituted error. The excluded testimony as to custom and general practice would have been material on the issue of the alleged negligence of the subtenant, the defendant H. J. Enterprises, Inc., which was in possession and control of the premises. But the excluded testimony would not have had the tendency of establishing a case against the owner, the defendant Kremer, Jr., either individually or as trustee, and the judgment in his favor should stand.

The defendant Kremer, as trustee, in 1949 let out for 30 years the entire premises to a lessee which in turn had subleased the same to the defendant H. J. Enterprises, Inc. Pursuant to permission granted in the lease, the present building, including the entranceway and floors, was constructed by the lessee following the letting; and the defendant H. J. Enterprises, Inc., as subtenant, thereupon entered into and took over the possession of the premises, including the building. There is nothing in the record to indicate other than that the said subtenant, as the tenant in possession, had full control and responsibility with respect to the building, including the entranceway. There was no evidence presented by plaintiff tending to show that the defendant Kremer, Jr., had reserved any control whatever over the floors in the vestibule and entranceway, or that he was in any way responsible for the failure to alleviate the alleged dangerous condition thereof existing on the day of the accident.

There was a provision in the lease that defendant Kremer, Jr., as landlord, was to have the right to enter the premises '' at reasonable business hours for the purpose of inspecting the same or for the purpose of showing the premises to prospective purchasers thereof '', but this right to enter and inspect was not

coupled with a right to repair or alter the premises (cf. *De Clara* v. *Barber S. S. Lines,* 309 N. Y. 620). In fact, the lease contained no provision whereby the landlord was to have the obligation or even the right to alter, maintain, and/or keep in repair the building erected by the lessee.

The mere reservation by the defendant Kremer, Jr., as landlord, of the right to enter the premises for the purpose of inspection, did not establish such occupation and control in him as to render him liable for the condition of the floors in the entranceway. The liability of a landlord is an incident to occupation and control (*Dick* v. *Sunbright Steam Laundry Co.,* 307 N. Y. 422, 424); and where, as here, there was no evidence tending to establish that the defendant owner had reserved or had control for purpose of altering, maintaining or keeping in repair the new building erected by the tenant, he may not be held responsible in negligence for injuries sustained by one in slipping on the floor. (See *Dick* v. *Sunbright Steam Laundry Corp, supra*; *Cullings* v. *Goetz,* 256 N. Y. 287; *Metzroth* v. *City of New York,* 241 N. Y. 470, 480, 481; *Szczepkowicz* v. *Khelshek Realty Corp.,* 280 App. Div. 524, 526; *McCue* v. *Bedrich Corp.,* 181 Misc. 177; *Sottile* v. *Rednick,* 205 Misc. 83.)

There was not established here, as claimed by the plaintiff, a breach of any nondelegable duty owing by the defendant owner to patrons of the subtenant's restaurant; and inapposite are the cases cited by plaintiff where an owner of premises, by reason of an inherently dangerous condition therein, has been held liable to members of the public or others, to whom the owner was held to owe a nondelegable duty. There was nothing improper in the use of terrazzo for entranceway floors, and nothing inherently dangerous in terrazzo floors. Admittedly, such floors do have a smooth surface, and they may become slippery when wet, but according to plaintiff's expert '' Most every surface is somewhat slippery when it comes to content of water ''. In any event, as this expert further testified, terrazzo was widely used in floor construction in entranceways and vestibules. Thus, the installing of terrazzo floors was not in itself negligence (see *Miller* v. *Gimbel Bros.,* 262 N. Y. 107; *Tryon* v. *Chalmers,* 205 App. Div. 816; *Kline* v. *Abraham,* 178 N. Y. 377; *Rothstein* v. *Monette,* 17 N.Y.S. 2d 369, 372); and, upon the record here, the owner is not to be charged with negligence in allowing the use of such floors in the entranceway upon construction of the building by the tenant. On the undisputed evidence, this entranceway floor only became dangerous when it became wet or muddy, and the responsibility therefor, if any, was upon the person having control of the premises and

inviting the use of the floor when such condition arose; and, here, the responsibility was upon the subtenant. (Cf. *Pignatelli* v. *Gimbel Bros.*, 285 App. Div. 625, affd. 309 N. Y. 901, *supra*.)

In view of the foregoing, the judgment should be modified, on the law and the facts, to delete the last two paragraphs thereof providing for judgment in favor of the defendant-respondent H. J. Enterprises, Inc., against plaintiff-appellant, and new trial directed as to said respondent, with costs to plaintiff-appellant as against it to abide the event; and judgment otherwise affirmed, with costs to defendant-respondent George Kremer, Jr.

BOTEIN, P. J., BREITEL, RABIN and VALENTE, JJ., concur.

Judgment unanimously modified, on the law and on the facts, to delete the last two paragraphs thereof providing for judgment in favor of the defendant-respondent H. J. Enterprises, Inc., against plaintiff-appellant, and new trial directed as to said respondent, with costs to plaintiff-appellant as against it to abide the event; and judgment otherwise affirmed, with costs to defendant-respondent George Kremer, Jr. Settle order on notice.